CATHARINE and HENRY BAKER, Defendants in Error, v. E. S. SCHOENEMAN, Executor of Estate of J. C. RUNKLE, deceased, Plaintiff in Error.

1. *Administration—Appeals—Demands.*—The allowance or refusal of a demand presented against an estate from which an appeal may be taken as provided in ch. 127, § 1, G. S. 1865, p. 514, applies only to the demands specified in ch. 123, § 1, p. 501. An account allowed in favor of the administrator or executor for expenses incurred by him, is not such a demand.

Baker et al. v. Runkle's Exec'r.

2. *Administration—Settlements—Appeals.*—The annual settlements of the executor or administrator are not settlements from the allowance of which an appeal can be taken to the Circuit Court. . Such settlements are not final nor conclusive as judgments against parties interested in the estate—See Picot v. Biddle's Adm'r, 35 Mo. 22.

*Error to the Second District Court.*

*Jos. J. Williams,* for plaintiff in error.

I. The Circuit Court had no jurisdiction of the cause and no power to render judgment against the executor, or to reverse the action of the County Court. An appeal does not lie from the settlements of executors and administrators until final settlements, because the settlements before final settlements are not judgments, and are not binding or conclusive on parties interested in the estate, but may be altered, corrected or annulled at final settlement—Picot v. Biddle's Adm'r, 35 Mo. 29. No appeal lies in this case except from a final judgment or decision.

The second clause of the 1st section of the 8th article of the "Act respecting Administration" can only apply to final settlements where there is a final adjudication of all the accounts of the executor, had upon notice to all parties interested in the estate.

II. The decision of the Circuit Court requiring the executor to pay the costs out of his own estate was erroneous ; he was entitled to a credit in his settlement for the costs paid by him—R. C. 1855, p. 156, § 25. The case of Woolbridge, Adm'r, v. Draper, 15 Mo. 470, has no application in this case.

*Jno. L. Thomas,* for defendants in error.

The Circuit Court committed no error in taxing the costs against the executor *de bonis propriis,* nor the District Court in affirming that judgment. The cause of action accrued to Schoeneman as executor and to Runkle in his lifetime, and the case of Woolbridge, Adm'r of McDonald, v. Draper is directly in point—15 Mo. 470.

An appeal will lie from a settlement of an administrator or executor—R. C. 1865, p. 514, § 1.

FAGG, Judge, delivered the opinion of the court.

It may be gathered from the record in this case, that the subject matter of controversy between these parties is as to the correctness of an allowance made by the County Court of Jefferson county in favor of the plaintiff in error, and carried into his first annual settlement as a credit. An appeal was taken to the Circuit Court of that county, where the action of the County Court was held to be erroneous and the settlement set aside. The following extract from the records of the Circuit Court will show the facts found as well as its judgment: "And the court proceeding to try the cause anew, doth find that the said executor obtained credit in said County Court for the sum of $296.45 as costs, attorney's fees and commissions, which accrued in a proceeding instituted by the plaintiff against the executor to recover her absolute property in the estate of said deceased; that said sum was illegally and erroneously allowed to said executor in said settlement; that the same should have been taxed against said executor *de bonis propriis*. It is therefore ordered," &c. The case was taken to the Second District Court, by writ of error, and the judgment of the Circuit Court affirmed. It is now brought here upon a writ of error to the last named court.

It is manifest upon this state of facts that the first inquiry must be directed to the question as to whether an appeal would properly lie from the action of the County Court.

The order of the court which placed the amount in controversy to the credit of the plaintiff in error upon the settlement of his accounts, was not a decision or determination of any matter separate and distinct from the settlement itself. On the contrary, it was just as much a part of it as any other item in the account. The agreed statement of facts upon which the case was decided in the Circuit Court as well as the judgment of that tribunal treats the whole proceeding as an appeal from the settlement. So we shall treat it here, and proceed to inquire whether the law authorizes

such an appeal. The cases in which appeals shall be allowed from the decisions of the courts having probate jurisdiction are specifically set out in section one, chap. 127, Gen. Stat. 1865. It is only necessary to refer to the two clauses first enumerated: "1st. On all demands against an estate exceeding ten dollars; 2d. On all settlements of executors and administrators." The District Court seems to have proceeded upon the theory that this was a demand against the estate, and therefore embraced in the first class. In our view of the law, this is clearly erroneous. The word "demands," as used in this statute, must be understood as covering no other classes of claims except those enumerated in chap. 123, Gen. Stat. 1865.

It is admitted that the language of the statute is very broad in setting out the second class of cases, but still we think there is no difficulty in coming to a proper conclusion as to its true intent and meaning. An appeal from one tribunal to another is never contemplated in any case except where there has been a final determination of the matter in controversy. This proposition need not be argued; it is too plain to admit of any doubt or cavil. The question is then fairly presented, viz.: Is an annual settlement of an executor or administrator a judgment? In the case of Picot v. Biddle's Adm'r, 35 Mo. 29, this question seems to have been very carefully considered. The former decisions of this court touching this point were examined with much care, and the conclusion reached, we think, most clearly followed from the reasoning of the judge who delivered the opinion of the court. We concur fully in the opinion that such settlements have not the force and effect of judgments, and are not conclusive against the persons by whom they are made, nor any other parties interested in the estate.

We apprehend that in all of the cases determined by this court, whenever settlements have been referred to as having the effect of judgments, they were final and not annual settlements. It has been the uniform practice of the courts having probate jurisdiction, and we think correctly so, to

treat these annual statements of accounts as mere exhibits of the condition of estates, and upon which orders for the payment of debts or distribution might be made according to the circumstances of the case.

With this view of the statute it is apparent that the appeal from the County to the Circuit Court was improperly taken. The propriety of allowing the credit claimed by the executor and carried into his annual settlement may still be reviewed upon a final settlement of his accounts, and we are therefore not called upon to express any opinion upon that point.

The other judges concurring, the judgment of the Circuit Court will be reversed and the cause remanded.