WILLIAM NORTON, Adm'r *vs,* THOMAS EDWARDS, *et al.*

1. Where an administrator sold land of his intestate for the payment of debts and previous to the sale an agreement was made between him and the creditor of the estate, "That if he would buy the land he should have credit on certain claims and notes over which he had control, and which were due from the intestate, to the amount that he (the administrator) could pay *pro rata ;*" and the creditor on the faith of such agreement bought the land : *Held,* that in an action on the bond given for the purchase money, the defendant had a right to give in evidence the agreement, and was entitled to a credit according to its terms : *Held further,* that such agreement need not be reduced to writing and that it was not contrary to the policy of the law.

The distinction between this case and *Brandon* v. *Allison* stated by Reade, J.

*Williams* v. *Chaffin,* 2 Dev. 333, cited and approved.

This was a civil action tried at Fall Term of Jackson Superior, Cannon, Judge, presiding.

Plaintiff alleged in his complaint, that as administrator of one Kilgon, he had obtained license to sell the real estate of his intestate to pay debts ; that he sold the said real estate, and that one of the defendants became the purchaser, and executed his bond with the other defendant as surety ; that the bond was unpaid, &c. He demanded judgment for the amount of bond and interest.

Defendant admitted the execution of the bond and the consideration. He insisted in the answer that he was entitled to a credit upon said bond. That previous to the sale there was an agreement between him and the administrator, that if the defendant would buy the land, he should have credit upon certain claims or notes due from the estate to the amount of his *pro ruta* share of the assets, &c·

Plaintiff in a replication denies this agreement.

Upon the trial before His Honor, defendant proposed to prove the agreement. Plaintiff objected. His Honor admitted the testimony.

The jury, under instructions from the Court, found specially "That the plaintiff contracted with the defendant to allow his credit for the *pro rata* amount due upon the several notes set forth in the answer.

There was a judgement for the amount of the bond, subject to a credit of the *pro rata* amount that may be due upon the notes set forth in the answer. A reference was made to the Clerk to take account of the estate, and ascertain defendant's *pro rata* share.

From this judgment the plaintiff appealed.

*Phillips* & *Merrimon*, for the plaintiff.
*Busbee* & *Busbee*, for the defendant.

READE, J. The opinion delivered in *Brandon* v. *Allison et al.*, at this term, would be decisive against the right of the defendant to have his set off or counter-claim allowed in this case, if it were not for this difference in the two cases. In that case the defendant bought the land sold by the plaintiff to make assets, and gave his bond, and when sued on the bond he offered a *quando* judgment against the plaintiff as a counter-claim which was not allowed because, among other reasons, the administrator required the funds to answer other judgments and demands; and there was no agreement on the part of the plaintiff administrator that the defendant should have credit for his bid, or any part of it, or that he should be paid or allowed his *quando* judgment as as a counter-claim.

But here there was an express agreement between the plaintiff and the defendant, that if the defendant would buy the land at the sale, he would be allowed to credit on certain claims which he held against plaintiff's intestate, such amount as would be his *pro rata* with the other creditors of the estate, and then, for that amount, the defendant should have credit on the bonds which he should give for the price of the land. And now in this suit upon the bonds which he gave for the price of

the land, he insists that he is entitled to a credit or counter-claim as agreed, for so much as will be his *pro rata* with the other creditors, of the assets of the estate.

It is insisted for the plaintiff that he is not bound by the agreement because of the statute which provides that an administrator shall not be charged upon a special promise to answer damages out of his own estate unless the agreement shall be in writing signed, &c. *Rev. Code*, ch. 50, sec. 15. The answer to this objection is, that this is not an agreement to answer out of *his own estate*, but out of the estate of his *intestate*. See *Williams* v. *Chaffin*, 2 Dev. R. 333.

In the next place the plaintiff insists that the agreement was against public policy and ought not to be enforced. And it is likened to conveyances in trust to pay debts with a provision that those who bid for property shall be allowed to credit the bid upon their claim against the debtor, the effect of which is to give a ficticious, and in some instances, fabulous value to property and to defraud creditors. Probably there might be cases where purchasers would be relieved from such purchases or where such contracts would not be enforced but if so it would only be at the instance of the person imposed on—the purchaser or creditor. And here the purchaser does not complain of any such imposition, but he is seeking to enforce it. It would indeed be monstrous, if in such case as is referred to a purchaser at a fabulous price were held to pay up his bid and not be allowed his claim as agreed on. And if the case before us is a case of that sort that is just what is sought to be done if the defendant is not allowed a *pro rata* of his claim upon his bid. The plaintiff is seeking to make the defendant pay up his bid, fabulous if it were, without allowing him to pay it or any part of it with his claim. But we do not understand that the agreement and sale were of the objectionable character of those alluded to. The proposition was not that; if you will buy this land you may pay for it with your debt against the estate to the exclusion of all the other creditors of

24

the estate ; but it was, If you will buy the land the proceeds shall be applied to the payment of all the debts of the estate *pro rata*, your claim among the rest, and so much as will be your share you need not pay up but may retain and credit the amount upon your claims.   The impolicy of such an agreement, or how it was intended to injure any one does not appear to us.

There is no error.   The case is not in a condition for us to enter judgment here for the plaintiff or the amount to which he is entitled, because the verdict below did not find the amount of the credit or counter claim to which the defendant was entitled and there was a reference to the Clerk to report the amount and at that stage of the proceedings the appeal was taken.   This must be certified, therefore, to the Court below to the end that the amount to which the defendant is entitled as a credit or counter claim be ascertained and after allowing it there should be judgment for the plaintiff for the balance of the bonds sued on.   The costs in this court will be paid by plaintiff.

PER CURIAM.                                Judgment affirmed.