STATE OF MISSOURI, *ex rel.*, Public Admr. of DAVIESS COUNTY, in charge of estate of JOHN C. LANKFORD, deceased, Plaintiff in Error *vs.* THOMAS LANKFORD, Defendant in Error.

1. *Administration—Annual settlements—Prima facie evidence—Suit on administrator's bond.*—Annual settlements, up to the time of making the final settlement by the administrator, are not final nor conclusive upon the parties interested, but only afford *prima facie* evidence of the facts therein contained, and are subject to be reviewed by the courts in a suit on the bond of the administrator.

*Error to Daviess Circuit Court.*

*James McFerran*, for Plaintiff in Error.

I. The annual settlements made by the administrator, were not judgments, and constituted no defense or impediment to a suit upon the bond, for breaches of its conditions. (Picot *vs.* Biddle's Admr., 35 Mo., 35, and cases therein cited; State to use, etc. *vs.* Flynn, 48 Mo., 413.)

*J. H. Shanklin, Milt. Ewing and M. A. Low*, for Defendant in Error.

I. A person seeking to falsify the allowances and accounts of the settlements of administrators must petition the Circuit Court, as a court of law and equity, for that purpose. (Jones *vs.* Brinker, 20 Mo., 87; State to use, etc. *vs.* Roland, 23 Mo., 95.)

II. Annual settlements of an administrator are adjudications of a court of competent jurisdiction, which may be corrected and adjusted, it is true, by the same court on final settlement, yet they cannot be attacked, or surcharged, or falsified, in a suit at law on the administrator's bond. (State to use, etc. *vs.* Roland, *supra;* Jones *vs.* Brinker, *supra;* Oldham *vs.* Trimble, 15 Mo., 225; Mitchell *vs.* Williams, 27 Mo., 399.) In the two last cases there is nothing to indicate that the settlements were other than annual settlements. In the case of Mitchell *vs.* Williams, *supra*, the court refers to the settlement in the plural number, and no distinction is made in the method of surcharging and falsifying them.

Vories, Judge, delivered the opinion of the court.

This action was brought by the administrator *de bonis non* of the estate of John C. Lankford, deceased, against the defendant, one of the sureties on the administration bond of the former administrator. The petition is in the usual form, setting forth the administration on said estate by one Thomas J. Singleton, the execution of a bond by him as such administrator, and that defendant had executed the bond as surety; that Singleton had since died, and that the relator had been duly appointed administrator *de bonis non* of said estate, &c. After the formal parts of the petition, the plaintiff set forth and assigned several breaches of the bond sued on, among which was the following: "Plaintiff states and assigns as breaches of said bond and the condition thereof, that the said Thomas J. Singleton, as administrator of the estate of John C. Lankford, deceased, did not faithfully administer said estate, account for, and pay and deliver all monies and property of said estate, and perform all other things touching said administration as required by law, or the order or decree of any court having jurisdiction, in this; that is to say; that at the second annual settlement of said estate by the said Thomas J. Singleton, as administrator of said estate, with the Probate Court of Daviess county aforesaid, said court having jurisdiction and charge of said estate, on the 5th day of March, 1863, the said Thomas J. Singleton, as administrator of said estate, had in his hands and was indebted to said estate, of the assets thereof, for the sum of four hundred dollars, and being so indebted for the assets thereof, he, the said Thomas J. Singleton as administrator of said estate, then and there received a credit and allowance, by fraudulent and false means and pretenses, unjustly, to the injury of the estate of the said deceased, and parties interested in his said settlement, against said estate for the sum of four hundred dollars, on account of Sarah J. Lankford's receipt of a slave, Mary, when, in truth and fact, the said Thomas J. Singleton had never been charged, as administrator or otherwise, in any of his settlements of said estate, with said slave or her value, or any

part thereof, and was not entitled to said credit, or any credit against said estate on account of said slave or her value, and which sum of four hundred dollars, so due by said Singleton to said estate at said settlement, is still due and unpaid, and has never been accounted for by said Singleton or his legal representatives, or the defendant or said Milton H. Moore (the other surety on the bond), or either of them, to said estate or parties interested, or the plaintiff or this relator or either of them; by which the plaintiff has been damaged to the amount of four hundred dollars, with interest on the same from the said 5th day of March, A. D., 1863."

There were several other breaches of the bond assigned in the petition, but it is not necessary to set them out herein, as the one already set forth is sufficient to present the principle or question involved in the decision of the case. The defendant appeared, and filed his motion to strike out the first, second, third and fifth breaches assigned in the petition, (the one before set forth being the first) on the ground: 1st. "That said several assignments of breaches are irrelevant and redundant." 2nd. "That they tender issues which cannot be tried and determined in a suit on an administrator's bond." 3rd. "That they seek to set aside the adjudications of a court of competent jurisdiction and to recover in damages." 4th. "That they seek to contest in a collateral proceeding the adjudications of a court of competent jurisdiction." 5th. "That they are obnoxious to the objection of duplicity." This motion was heard by the court and sustained, and said breaches stricken out of the petition.

The plaintiff then suffered a non-suit with leave to move to set the same aside. In due time the plaintiff filed a motion to set aside the non-suit so suffered, which motion was overruled by the court, and the plaintiff excepted and appealed to this court.

It will be seen from the statement of this case, that the only question presented for the consideration of this court is as to the propriety of the action of the Circuit Court in striking out the breaches from the plaintiff's petition objected to

by the defendant. It is contended by the defendant, that the breaches were properly stricken out ; that said breaches sought to surcharge and falsify the annual settlments of the administrator, and that that can only be done by a petition in the Circuit Court in the nature of a bill in equity . to have the settlements set aside on the ground of fraud or mistake. The question as to what force and effect is to be given to the annual and final settlements of administrators, made in the courts having probate jurisdiction during the course of their administration, has been several times before this court, and the subject fully discussed. In the case of Oldham vs. Trimble, 15 Mo., 225, it was held, that, where a final settlement has been made and a suit at law afterwards brought on the administrator's bond, the settlements could be interposed as a defense to the action, but that the settlement might be opened and corrected in equity for fraud, after which a suit might be brought on the bond. To the same effect are the cases of Jones vs. Brinker, 20 Mo., 87 ; Tourville vs. Roland, 23 Mo., 95 ; Mitchell vs. Williams, 27 Mo., 399. It will be noticed in all of these cases, that final settlement had been made of the affairs of the estate, in which case the annual settlements had become merged in the final settlements, although no point seems to have been directly made on that fact.

In the subsequent case of Picot vs. O'Fallon, 35 Mo., 29, the administrator had attempted to make a final settlement of the estate upon which he had administered. The heirs and distributees appeared in the probate court in which the settlement was being made, and insisted that errors and omissions had been made in the previous annual settlements of the administrator, which they insisted should be corrected in the final settlement then being made. This was refused by the probate court, and an appeal was taken to the Circuit Court. In the Circuit Court the case was referred to a referee, who was directed to examine into the final settlement made in the probate court, and into no other proceedings, thus precluding the referee from any inquiry into the previous an-

nual settlements, taking the ground that the annual settlements had the force of judgments, and were final between the parties interested. After judgment the case was appealed to this court, where all of the authorities on the subject, both in this State and elsewhere, were carefully examined, after which it was held by the court, that when final settlement is made, all of the previous annual settlements are merged in the final settlement, and that they then become final and conclusive; but that until final settlement is made, the annual settlements are not to be considered as final adjudications and conclusive on the parties, but are only *prima facie* evidence of the matter therein contained.

In the case of Baker vs. Schoeneman, 41 Mo., 391, the decision in the case of Picot vs. O'Fallon was approved. The learned Judge delivering the opinion using this language, "we concur fully in the opinion that such settlements have not the force and effect of judgments, and are not conclusive against the persons by whom they are made, nor any other parties interested in the estate. We apprehend that in all of the cases determined by this court, whenever settlements have been referred to as having the effect of judgments, they were final and not annual settlements."

There is no doubt but an administrator *de bonis non* may sue the sureties on the bond of the former administrator before any final settlement is made; in fact in a case like the one under consideration where the first administrator is dead and his representatives neglect to make any final settlement, there is no other adequate remedy but a suit on the bond. (State vs. Flynn, 48 Mo., 413.) It would seem from the authorities above referred to, that annual settlements up to the time of making the final settlement by the administrator, are not final or conclusive on the parties interested, but that they only afford *prima facie* evidence of facts therein contained, and are subject to be reviewed by the courts in a suit on the bond of an administrator. It follows that the Circuit Court erred in striking out the breaches assigned in the petition in this case.

The judgment will therefore be reversed, and the cause remanded. The other judges concur.