North v. Priest.

---

NORTH *et al.* v. PRIEST, *Administrator, Appellant.*

1. **Administration:** DEMANDS: DISTRIBUTION. On an application by a creditor of an estate for an order on the administrator to pay his demand, which has been duly exhibited and allowed, the answer of the administrator that he has paid over the funds of the estate to the distributees, and for that reason has no funds on hand, constitutes no valid defense to the application.

2. ———: ANNUAL SETTLEMENTS, FORCE OF. Annual settlements are only interlocutory steps in the proceeding *in rem,* which terminates in the final settlement and order of discharge. They have not the effect of judgments, no appeal can be taken from an order approving them, they may all be reviewed at the final settlement, and proceedings to falsify and surcharge the final settlement, need not ask to have them set aside, but when the final settlement is opened, they are all open for examination and correction.

3. ———: ———: EXCEPTIONS: EVIDENCE. It is not necessary during the administration that formal exceptions should be filed to annul settlements, in order to contradict their import in any proceeding in which they are submitted as evidence. When invoked against the administrator, he is entitled to any evidence they may contain in his favor, but they are conclusive neither for nor against him.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*J. M. & C. H. Krum* for appellant.

(1) The circuit court, without proof, assumed author-

36—81

ity to falsify the account of defendant, and struck from it certain credits the effect of which was to change or increase the balance in his hands. The settlement made by the administrator January 31st, 1879, was not a final settlement, and it required proof to justify the court in striking out the items in question, other than the account itself. (2) An administrator's account may be falsified, but only by bill or petition, and upon sufficient evidence. In this case it was done on verbal motion, without specification and proof. (3) A bill to falsify or surcharge the accounts of an administrator implies and necessarily charges that defendant has failed to fully account for moneys or assets received by him in the particulars specified in the bill, and the burthen rests upon plaintiff to show this. Story Eq. Plead., § 801; *Clymer v. Anderson*, 49 Mo. 37; *Williams v. Pettigrew*, 62 Mo. 460. (4) Though the settlement made by defendant at the December term, 1878, was not a final settlement, a creditor or other party could not come in afterward, and without proof and notice, readjust or restate the administrator's account without his consent, as was done in this case. (5) The finding of the referee was contrary to the evidence, and the circuit court erred in approving and confirming it by its judgment. (6) The finding of the referee was excessive, and the circuit court erred in affirming it. (7) The lower courts erred in assuming that the debt in question was the only debt in that class.

*Hudgens & Davis* for respondent.

MARTIN, C.—The only question presented by the appeal in this case is, whether on an application by a creditor of an estate for an order on the administrator to pay his demand, which has been duly exhibited and placed in the fifth class of claims, the answer of the administrator, that he has paid over the funds of the estate to the distributees, and, for that reason, has no funds on hand, constitutes a valid defense to the application. The St. Louis probate court,

St. Louis circuit court and St. Louis court of appeals all held, in concurring opinions, that such payment was no discharge of the funds on hand, and would constitute no defense to the application. A similar conclusion was announced in the case of *Bassett v. Slater, ante,* p. 75.

It is claimed by the administrator in this case, that inasmuch as he entered the payments to the distributees in his first settlement, which was formally passed and approved by the probate court, the legality of such discharge of the funds cannot be questioned by any one interested in the estate, except on a direct proceeding to set aside the order approving the settlement. This position is assumed under a misconception of the nature and effect of an annual settlement. Such settlements are only interlocutory steps in the proceeding *in rem,* which terminates with the final settlement and order of discharge. The binding effect of the final settlement rests upon the notice and proclamation to all persons interested in the estate to come forward and make known their objections to the administration before it is closed. *Fenix v. Fenix,* 80 Mo. 27. The preceding settlements do not have the effect of judgments. *Picot v. Biddle,* 35 Mo. 29. In *Baker v. Runkle,* 41 Mo. 391, the court remarks in the opinion of Fagg, J. "It has been the uniform practice of the courts having probate jurisdiction, and we think correctly so, to treat these annual settlements of accounts as mere exhibits of the condition of estates, and upon which orders for the payments of debts or distribution might be made according to the circumstances of the case." No appeal can be taken from an order approving them. They are only consecutive steps leading to the final settlement, which necessarily includes them. At the final settlement the court can go back and review all the annual settlements. *In re Davis,* 62 Mo. 450. And proceedings to surcharge and falsify the final settlement, need not ask to have the annual settlements set aside. They are merged in the final settlement, and when that is opened, they are all open for examination and correction

*Sheetz v. Kirtley*, 62 Mo. 417. It is not necessary, during the administration, that a person interested in the estate should file formal exceptions to them in order to contradict their import in any proceeding in which they are submitted as evidence. Like any other settlements of the administrator, they may be regarded as *prima facie* as against him. When they are invoked as evidence against him, he is, undoubtedly, entitled to any evidence they may contain in his favor, like any other paper asserted against a party. But no such evidence can be accepted as conclusive either for or against him.

For the purpose of argument in this case, it may be conceded that, when the petitioners for the order submitted the annual settlement in evidence, the administrator was entitled to the presumption that his payment of the funds to the distributees, as disclosed in the settlement, was made under circumstances which would protect him against the claims of creditors. But this presumption was thoroughly rebutted before the referee by the recitals in the judgment on their claim given in evidence, from which it appears that it culminated in a final judgment in the court of appeals against the estate as early as May 27th, 1876. As against the claim, thus exhibited, the subsequent payments to the distributees in 1877 and 1878 were in positive violation of the lien of the complaining creditors which it was the duty of the administrator to protect, as taking precedence of the rights to distributees. His payments were of his own motion and in violation of law. His appeal from the order is without merit, either in substance or form.

The judgment of the court of appeals is therefore affirmed. All concur.