In the Matter of THE 1ST AND 2ND ANNUAL SETTLE- MENTS OF J. W. BARNES, Surviving Partner of COX, STINE & BARNES, Respondent, v. THOMAS A. REES, Guardian of the Heirs of GEORGE W. STINE, Appellant.

St. Louis Court of Appeals, January 13, 1891.

Administration: PARTNERSHIP ESTATES: APPEALS FROM RULINGS MADE ON ANNUAL SETTLEMENTS. An appeal does not lie from the rulings of the probate court on an annual settlement of an administrator, whether the administration be of the estate of an individual or partnership.

*Appeal from the Scotland Circuit Court.*—HON. BEN.
E. TURNER, Judge.

REVERSED AND REMANDED (*with directions*).

*T. A. Rees* and *J. D. Smoot*, for appellant.

*McKee & Jayne*, for respondent.

ROMBAUER, P. J.—Barnes is a surviving partner,
administering as such on the partnership effects. Rees
is the guardian of the distributees of the deceased part-
ner. Barnes presented his annual accounts or settle-
ments to the probate court of Scotland county, and that
court, upon the objection of Rees, disallowed certain
items of credit which Barnes claimed therein, where-
upon Barnes appealed to the circuit court, which allowed
the items, and restated the settlements, and Rees
appeals from that judgment.

The partnership estate has not been finally settled.
The settlements appealed from and restated are *annual*
settlements only. No appeal lies in this state from an
annual settlement. It has none of the attributes of a
judgment, and is not binding or conclusive on anybody.
*Picot v. Biddle*, 35 Mo. 29 ; *Baker v. Runkle*, 41 Mo.
391 ; *State to use v. Hoster*, 61 Mo. 544 ; *In re Davis*,
62 Mo. 450 ; *North v. Priest*, 81 Mo. 561. There is
nothing in the statute relating to the administration of
partnership estates which takes them out of the general
rule ; on the contrary, section 67, Revised Statutes,
1889, expressly provides, that "the administration
upon partnership effects shall in all respects conform to
administration in ordinary cases except as otherwise
provided."

The appeal taken by the surviving partner was pre-
mature. The judgment will be reversed, and the cause
remanded with directions to the circuit court to dismiss
the appeal of Barnes. All the judges concurring, it is
so ordered.

In re Annual Settlements of Barnes.

ON MOTION FOR REHEARING.

ROMBAUER, P. J.—The motion for rehearing claims that the opinion overrides the express provisions of the statute allowing appeals from "all settlements of executors and administrators," and is opposed to the controlling decision of the supreme court in *Meyers v. Meyers*, 98 Mo. 262.

The language used by the statute is as follows: "Appeals shall be allowed from the probate court to the circuit court in the following cases: * * * *Second.* On all settlements of executors and administrators." The words, "*on all settlements*," have been used in this statute since its first adoption, but the only time it was even claimed that an appeal would lie from an annual settlement was in *Baker v. Runkle's Ex'r*, 41 Mo. 394, where this question was substantially the only one involved. The court there said:

"It is admitted that the language of the statute is very broad in setting out the second class of cases, but still we think there is no difficulty in coming to a proper conclusion as to its true intent and meaning. An appeal from one tribunal to another is never contemplated in any case except where there has been a final determination of the matter in controversy. This proposition need not be argued; it is too plain to admit of any doubt or cavil. The question is then fairly presented, viz.: Is an annual settlement of an executor or administrator a judgment?" The court thereupon decided that it was not, and dismissed the appeal.

The rule thus stated has never been questioned. It was recognized as the true rule in the cases cited in our opinion, and also in *State ex rel. v. Lankford*, 55 Mo. 564; *Folger v. Heidel*, 60 Mo. 284; *Seymour v. Seymour*, 67 Mo. 303; *Ritchey v. Withers*, 72 Mo. 556; *West v. West, Adm'r*, 75 Mo. 204, and probably in other cases.

We are referred to a casual remark made by Judge BLACK in *Meyers v. Meyers*, *supra*, as *a controlling*

*decision* overruling the concurrent authority of these cases which cover the period of a quarter of a century. The point under consideration was not at all involved in *Meyers v. Meyers*, as that was an appeal from a final settlement; hence nothing which was said in that case could possibly be a controlling decision for this. The learned judge incidentally says, speaking of an administrator, "The time of his annual settlement is fixed by law, and any person interested may appear and resist such settlement, and take an appeal from its allowance, if he desires so to do." What he probably meant was that any person could take an appeal from the items of an annual settlement as embodied in the administrator's final settlement, because practically the final settlement does not reiterate such items, but only gives resulting balances. But this is mere matter of speculation and wholly immaterial, as the remark was at most a mere *obiter dictum*, used *arguendo*, and in no sense controlling.

The motion for rehearing is overruled. All the judges concur.