In MATTER OF FINAL SETTLEMENT OF ESTATE OF CHRISTINA HESCHE, Deceased; GEORGE HELGANS *et al.*, Exceptors, Appellants, v. R. C. SCHNECKO, Administrator.

St. Louis Court of Appeals, February 15, 1898.

**Estate of Deceased Person:** ADMINISTRATOR'S SALE: APPROVAL BY PROBATE COURT: JURISDICTION. Where the probate court, in the exercise of an exclusive jurisdiction in the management and settlement of estates, approved a sale of land by an administrator, made for a price largely in excess of its appraised value, the court had authority to approve and ratify his action, and the circuit court did not err in setting aside its finding, sustaining an exception to the settlement, and awarding a new trial.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED AND REMANDED; all the judges concurring, Judge BOND in the result only.

*R. H. Stevens* for appellants.

The administrator has no authority under the law to change the purchase price of real estate of his decedent, sold at public sale by him of his own free will. *Crowley v. McCrary*, 45 Mo. App. 356.

The probate court has no powers except those conferred by statutory enactments or by necessary implication. *Bradley v. Woerner*, 46 Mo. App. 371; *Brawford v. Wolfe*, 103 Mo. 391.

*Henderson & Henderson* for respondents.

The judgment of the probate court, approving the report of sale, was a final judgment from which an appeal would lie, and can not be collaterally attacked. *Henry v. McKerlie*, 78 Mo. 416; *Fenix v. Fenix*, 80 *Id.* 27; *Camden v. Plain*, 91 *Id.* 117; *Macy v. Stark*, 116 *Id.* 499.

Biggs, J.—This litigation arose out of an exception or objection to the final settlement of the accounts of R. C. Schnecko, as administrator of the estate of Christina Hesche, deceased. The probate court overruled the exception and approved the settlement. The exceptors appealed to the circuit court, where their exception was sustained. Subsequently the court set aside the finding and granted a new trial. The exceptors have appealed from the order sustaining the motion for a new trial.

The facts are these: In October, 1895, the administrator sold the land of the deceased for the payment of debts. The preliminary orders and proceedings prior to the sale were regular. The land was appraised at $1,600. The statement was made at the sale that the full title to the land was supposed to have

been vested in the deceased, but the purchaser would be given an opportunity to investigate the title, and if the representation should prove to be untrue he would not be held to his bid. The land was bid off by Mary Laville for $3,025.

At the next term of the probate court after the sale, to wit, November term, 1895, the administrator reported the sale as above set forth. The report was continued to the next term. After the report was filed an examination of the title revealed the fact that the deceased obtained title to the land under the will of her deceased husband, and that two of their children, who were minors, had a homestead right in the land. Thereupon the administrator, the guardian of the minors, and Mrs. Laville agreed upon the following settlement of the business: It was agreed that the value of the homestead right was $502.42; that Mrs. Laville should pay this amount to the guardian for her wards and in full satisfaction of their interest in the land, and that the administrator should receive and accept from Mrs. Laville the sum of $2,522.58 as the full amount due the estate on account of the purchase. This adjustment or agreement was communicated to the probate court at its February term, 1896, and received its approval. It appears from the briefs of counsel that in order to consummate the arrangement the probate court made an order authorizing the guardian of the minors to sell their interest in the land to Mrs. Laville for the sum named. Subsequently at the same term the probate court allowed the report of the sale to be amended so as to show the basis of the settlement and the report was thereupon approved. There was no appeal from the order approving the report of sale. At a subsequent term of the court the administrator presented a final statement of his accounts, in which he charged himself with $2,500.58 on

account of the sale of the land. The adult heirs excepted to this item and insisted that the administrator should be charged with the full amount of Mrs. Laville's bid.

The report of the sale of the land as finally approved showed that the administrator only received $2,522.58 on account of the sale. * * * He charged himself with that amount in his final settlement. The order of the probate court approving the report of the sale was in the nature of a final judgment, from which an appeal could have been taken. The exceptors did not avail themselves of that remedy and they are therefore concluded by the judgment, unless the probate court acted in the premises without jurisdiction. (*Henry v. McKerlie*, 78 Mo. 416; *Fenix v. Fenix*, 80 Mo. 27; *Camden v. Plain*, 91 Mo. 117; *Macey v. Stark*, 116 Mo. 494.) Was the approval of the amended report of sale made without authority? We think not. The argument of counsel for exceptors on this point is along strictly legal lines, but it ignores or loses sight of the equities of the statute. According to the letter of the law there ought to have been another sale, but this would in all of probability have proved detrimental to the estate, as all of the evidence tends to show. The land was appraised at $1,600, and according to the arrangement made by the administrator the estate received almost $1,000 in excess of the appraisement. The testimony tends to prove that the amount actually received by the administrator was far in excess of the value of the interest of the estate in the land. Therefore we think that the probate court in the exercise of an exclusive jurisdiction in the management and settlement of estates had the authority to approve and ratify the action of the administrator in the adjustment of the business. This

*ADMINISTRATOR'S sale: approval by probate court: jurisdiction.*

is in accordance with the reasoning of this court in the case of *State ex rel. v. Schleifforth*, 9 Mo. App. 431.

But if we concede that the order of the probate court approving the amended report was *coram non judice* the case of the exceptors is not helped, for if the sale of the land to Mrs. Laville was illegal, then the exceptors are in no position to insist upon the administrator being charged with any portion of the bid. Under this view the title to the land would still be in the heirs. It must be borne in mind that the exceptors do not controvert the fact that Mrs. Laville was not bound to take the land if the title proved defective. Neither do they dispute the fact that the title of their ancestor was subject to the homestead rights of the minor children, nor that this homestead right was not reasonably worth the sum agreed on. We are clearly of the opinion that the circuit court did right in awarding a new trial. Its judgment will therefore be affirmed and the cause remanded for further proceedings. All concur. Judge BOND in the result only.