See next case.—Reporter.

---

IN RE ESTATE OF JOHN ALBERT, Deceased; LINUS SANFORD, Executor, Appellant.

St. Louis Court of Appeals, May 16, 1899.

1. Sale of Real Estate by Executor: ORDER OF APPROVAL BY CIRCUIT COURT: JURISDICTION. In the case at bar no formal objection was made, either in writing or otherwise, to the newly elected probate judge acting on the report of sale, but the record shows that all the parties, the executor and heirs and legatees appeared and consented to the certification of the case to the circuit court.

2. ———: ———: PAYMENT. In the case at bar it would have been a useless formality to have compelled the Fidelity Company to pay to the executor the amount of the bid which the latter would have been in duty bound to immediately repay to him as the holder of the entire indebtedness of the estate.

In re Estate Albert.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

SAM M. GREEN for respondent.

The statute regulating the sale of real estate of a deceased person, indebted to an amount larger than personal property would pay, in this case strictly complied with. R. S. 1889, secs. 161, 162, 163 and 164. The report of the sale was made strictly in accordance with the facts, and as required by the statute. R. S. 1889, sec. 166. The executor could not execute a deed, notwithstanding the approval of the sale by the court, for want of consideration; purchase price paid, as required by the statute and terms of sale. R. S. 1889, sec. 166. Nothing but a strict compliance with the terms of a sale by an executor will justify approval of sale and the execution and delivery of deed. 2 Woerner's American Law of Adm., sec. 477, and cases cited. An executor who would take allowances without being protected by the utmost good faith, in the purchase thereof, and the order of the court in such a case, would be guilty of a *devastavit*, and be liable accordingly. 7 Am. and Eng. Ency. of Law, title Executors and Administrators, pp. 346, 347, and notes. It is usual to require a deposit of part of the price paid, in order to secure the consumation of the sale on its approval. This is held to be a reasonable precaution; one-fourth of the amount bid is not too much to be demanded. In this case the sum of $808.75 was not paid at day of sale, nor, on extension of ten days, was it paid, nor since. An utter failure to comply with terms of sale. 2 Woerner's Am. Law of Adm., p. 1058.

ROBERT L. WILSON for appellant.

In this case, a party in interest, by its attorney, did object in writing, verified by affidavit. The statute does not say that

the verification shall be made only by the party in interest. 1 R. S., sec. 3403. The application for a transfer in this case was made under statute regulating the transfer from probate courts to circuit courts. Morris v. Lane, 44 Mo. App. 1; R. S. 1889, sec. 3403. If applicant objected to the order of transfer from the probate court to the circuit court, his exception could only be made in the first or probate court. The objection in the circuit court comes too late. Stearns v. Railway, 94 Mo. 317, 321. The order of transfer or change of venue is good if based upon no affidavit at all. The courts say: "It is by the statute made the duty of the judge to award a change of venue without a petition therefor when he is interested or related to either party, or has been of counsel in the cause. In other cases the order must be made on a verified petition. If, however, this order is made upon a petition not verified or defective, this order is not a nullity, it is but an irregularity." Stearns v. Railway, 94 Mo. 317, 321; Keen v. Schnedler, 92 Mo. 516, 524; Collier v. Wilson, 56 Mo. App. 420. The executor reported to the court that the purchaser had not paid the purchase price or given bond for the deferred payments to be made by the purchaser. The court, after hearing the facts in regard to the sale, and the purchase by respondent of all of the unpaid allowances against the estate at the instance of the executor, approved the sale, and ordered the executor to make deed. Such sales have been approved by the supreme court of this state. Wilkerson v. Allen, 67 Mo. 502, 509.

BIGGS, J.—This is an appeal by the executor of the estate of John Albert, deceased, from an order of the circuit court approving a sale of real estate made by him for the payment of debts and ordering him to execute a deed to the purchaser for the land so sold. The original order of sale was made in the Cape Girardeau Court of Common Pleas, a court possessing original probate jurisdiction. When the executor made his report of sale to the latter court one of the attorneys

interested in the estate had been recently elected judge of the court. Thereupon, as the record recites, the executor and the heirs and legatees appeared in court, and it appearing that the then judge of the court was disqualified to decide the matter, by consent of parties an order was made certifying the cause to the circuit court of the county, and the clerk was ordered to transmit all of the original papers belonging to the estate to the circuit court, which was done. The executor objected to the approval of the sale for the reason that OBJECTION of the Fidelity Trust and Safety Vault Company, executor. the purchaser, had failed to comply with the terms of sale. The terms of sale were one-fourth cash, and for the remainder the purchaser was to give a note. It was admitted by the Fidelity Company that it had not complied with these terms, and in justification of its default and as a reason why the sale should be approved, it showed to the court that it held a sixth class demand against the estate, and that at or about the date of the sale the executor represented to its agent that there was no necessity for the payment of the bid; that he (the executor) did not wish to handle the money, and that if the Fidelity Company would purchase the other unpaid demands against the estate, he would accept them as cash, and that in pursuance of this agreement the Fidelity Company had purchased all demands against the estate, except the one held by it; that the demands exceeded the amount of the bid by several hundred dollars, and that it was then willing and had previously offered to pay the costs of the sale and the commissions of the executor. Upon these facts the circuit court approved the sale and ordered the executor to make a deed. From that judgment the executor has appealed.

The statute provides that if a judge of probate is interested, has been of counsel or is a material witness in the determination of any cause or proceeding in the administration and settlement of an estate, he shall not sit in the matter when any

In re Estate Albert.

party in interest shall object in writing, verified by affidavit, etc. (R. S. 1889, sec, 3403). No formal objection was made in this case either in writing or otherwise to the newly elected probate judge acting on the report of sale, but the record shows that all the parties, the executor and heirs and legatees appeared and consented to the certification of the case to the circuit court. The statute is that no such disqualified judge of the probate shall determine any matter in the settlement of an estate, provided a party in interest objects in writing, verified by affidavit, etc., but the statute does not in terms prohibit the judge from so certifying such a case on his own motion. By fair and reasonable implication it recognizes this inherent right, for a disqualified judge ought not to be compelled to violate his judicial conscience by deciding a cause in which he is personally interested or has been of counsel. We therefore overrule the assignment of error that the circuit court was without jurisdiction to decide the matters in controversy.

We must likewise overrule the assignment of error that under the facts the judgment of the circuit court approving the sale and ordering the appellant to make a deed, was wrong. As a rule a sale of real estate by an executor or administrator for the payment of the debts ought not be approved, unless the terms of the sale have complied with by the purchaser, and a deed ought not to be ordered made until the purchase price has been fully paid. But some discretion should be allowed the courts in such matters. The statutory requisites and formalities in the settlement of estates are for the protection of the heirs and creditors. When the action of the court is such that these interested parties are not prejudiced but benefited, its action ought not to be disturbed upon purely technical grounds. State ex rel. v. Schleiffarth, 9 Mo. App. 431; In re Est. of Hesche v. Schnecko, 73 Mo. App. 612. In the case at bar it would have been a useless formality to have compelled the Fidelity Company to pay the executor the amount of the bid which the latter would have been in duty

bound to immediately repay to him as the holder of the entire indebtedness of the estate. There would have been no sense in such a vain ceremony, and the law never requires the doing of a senseless act. The judgment of the circuit court will therefore be affirmed. All concur.