[King, et al. v. Gilreath.]

# King, *et al. v.* Gilreath.

## *Ejectment.*

(Decided June 25, 1907.   45 So. Rep. 89.)

1. *Executors and Administrators; Probate Jurisdiction; Sale of Land; Collateral Attack.*—Where jurisdiction attaches in the probate court for the sale of land errors intervening in the proceeding leading up to the sale will not, on collateral attack, defeat the rights acquired under the sale.

2. *Judgment; Conclusiveness; Insolvency of Estate; Effect.*—The judicial declaration of the insolvency of an estate concludes the fact of insufficiency of both real and personal property to pay the debts of the estate, so far as such proceedings can under the statute.

3. *Executors and Administrators; Application for; Sufficiency to Give Jurisdiction.*—Under sections 326 and 329, a petition for a sale of realty belonging to an estate for the payments of debts, which avers that some years before the estate had been regularly declared insolvent, is sufficient to call into exercise the jurisdiction of the probate court to sell the land, although the averments might have been insufficient, on demurrer, on a direct attack.

4. *Same; Effect of Holding on Other Question.*—A holding, on a collateral attack, that an averment that an estate had been judicially declared insolvent some years before was sufficient to give the probate court jurisdiction of proceedings to sell lands to pay debt, is not a holding or decision as to the then financial condition of the estate.

5. *Same; Sale; Payment; Sufficiency; Credit of Debt.*—Where the sole creditor of the estate is the purchaser at the sale and the debt exceeds the amount of the bid, which was fair, and the costs of administration are provided for, the crediting of the bid on the debt, in effect, a cash payment, and confirmation of the sale by the court completes a valid transfer of the legal title, notwithstanding the sale was ordered to be for cash, and it is the duty of the personal representative to act in strict accord with the directions of the court and the requirements of the law in effecting a sale of land of an estate.

APPEAL from Walker Circuit Court.

Heard before Hon. A. A. COLEMAN.

Statutory ejectment by E. W. King and others, as administrators, etc., against Belton Gilreath. From a judgment for defendant, plaintiffs appeal.   Affirmed.

9 R

SMITH & SMITH, and RAY & LEITH, for appellant. Real estate of a decedent was not assets subject to the payment of debts at common law.—*Scott v. Ware,* 64 Ala. 177; Brown on Jurisdiction (2nd Ed.), sec. 67. Where it is given by statute the jurisdiction of the court is limited to the mode pointed out by the statute, and is dependent upon the sufficiency of the petition.—Freeman on Void Judicial Sales (4th Ed.), sec. 11; *Reddick v. Long,* 124 Ala. 260; *Craft v. Simon,* 118 Ala. 625; *Robertson v. Bradford,* 73 Ala. 116; *Tyson v. Brown,* 64 Ala. 244. The petition did not state the jurisdictional facts.—*Gilchrist v. Shackelford,* 72 Ala. 13; *Garner v. Toney,* 107 Ala. 352; *State ex rel Craft v. Williams,* 131 Ala. 60; *Neville v. Kennedy,* 125 Ala. 149; *Kornegay v. Mayer,* 135 Ala. 146. While a decee of insolvency may be sufficient under sec. 326, Code 1896 to authorize a sale, it is only prima facie evidence of the want of personal property to pay the debts.—*Chandler v. Wynn,* 85 Ala. 310; *Henley v. Johnson,* 32 South. 1008. The order of sale required it to be sold for cash, while the sale in this instance was not for cash.—56 Ala. 321; *McCully v. Chapman,* 57 Ala. 328; *Crookshanks v. Luttrell,* 67 Ala. 318. The description was void.—*Forman v. Goodman,* 114 Ala. 498. No intendments will be made in favor of the jurisdiction from its mere exercise.—*Goodwyn v. Semmes,* 86 Ala. 102; *Foxworth v. White,* 72 Ala. 224; *Landford v. Dunklin,* 71 Ala. 594. A void judgment may be collaterally attacked.

BANKHEAD & BANKHEAD, and CABANISSS & BOWIE, for appellee. An application to the Probate Court by an executor or an administrator of a deceased person to sell the lands of the estate is essentially a proceeding *in rem* and when the court has acquired jurisdiction by a petition filed containing the jurisdictional facts an or-

der of sale will not be void for errors that may intervene in the after proceedings of the case.—*DeBardeleben v. Stoudenmire,* 48 Ala. 643; *Wright v. Ware,* 50 Ala. 549; *Doe v. Hardy,* 52 Ala. 291; *Kellam v. Richards,* 56 Ala. 238; *May v. Marks,* 74 Ala. 249; *Pollard v. Hanrick,* 74 Ala. 334; *Whitlow v. Echols,* 78 Ala. 206; *Meadows v. Meadows,* 78 Ala. 240; *Jones v. Woodstock Iron Co.,* 95 Ala. 558; *Reddick v. Long,* 124 Ala. 266. A decree of sale made by the Probate Court cannot be avoided on a collateral attack, because the lands were described both in the petition and order of sale merely by section, township and range without stating the county in which they lie.—*Doe v. Hardy, supra; Wright v. Ware, supra; Money v. Turnipseed, supra; DeBardeleben v. Stoudenmire, supra.* The petition for sale need not pursue accurately the language of the statute; any words that necessarily convey to the mind all that the statute requires will be sufficient, and the words used should be construed liberally and favorably, to sustain the jurisdiction of the court and the validity of the order of sale, on collateral attack.—*DeBardelaben v. Stoudenmire, supra; Pollard v. Hanrick, supra; Whitlow v. Echols, supra; Bowling v. Smith,* 79 Ala. 538; *Jones v. Woodstock Iron Co., supra; Reddick v. Long, supra.* In a collateral attack on the validity of an order or decree of sale or confirmation of sale the matter relied on as avoiding such decree or order must appear affirmatively on the face of the record.—*Stevenson v. Murray,* 87 Ala. 445; *Pettus v. McClannahan,* 52 Ala. 57; *Johnson v. Glasscock,* 2 Ala. 522; *Friedman v. Shamblin,* 117 Ala. 466.

McCLELLAN, J.—Statutory ejectment by appellant against appellee to recover lands sold under decree of the probate court for the purpose of paying debts of the insolvent estate of one King, an heir of whom appel-

lants' intestate was, and which were bought at the sale by the appellee, the sole creditor of the estate, and the purchase price of which was paid, and the sale on report to that effect confirmed and conveyance executed, as ordered, by crediting the amount of the bid upon the larger indebtedness held by the purchaser—creditor against the estate.

The appellants assert error, mainly, upon two propositions: First, that the petitions for the sale in the probate court were void of jurisdictional averment, in that they only aver, as a compliance with the requirement, to jurisdiction to order the sale, that the personal assets are insufficient to pay the debts, that at an anterior date the estate was judicially declared insolvent; and, second, that the manner of payment of the purchase price rendered the sale void and did not divest the title of the heir. The attack upon the appellee's title, and the probate court proceeding affording it, being purely collateral, it has been long and well decided that, if jurisdiction attached, errors intervening therein will not avail to defeat rights acquired thereunder. The judicial declaration of insolvency of an estate, of course, concludes, as far as that proceeding may under our statutes, the insufficiency of both the real and personal property to pay the debts of the estate. Regardless of its effect upon the rights of the heir, he not being a party to the proceeding looking to the declaration of insolvency by the court, section 326 of the Code of 1896 clothes the judicial ascertainment of this financial status with an evidential power to make out a prima facie case for a decree of sale when the sale of the real estate of the estate is sought by the executor or administrator. In *Meadows v. Meadows,* 78 Ala. 242, this court treating this statute said: "We think the legislative intent was to substitute the decree of insolvency for proof that there

[King, et al. v. Gilreath.]

were debts of the estate to be paid, and that the personal assets were insufficient therefor." In *Chandler v. Wynne,* 85 Ala. 310, 4 South. 656, it is further said: "We think, however that the proper interpretation of the statute (now section 326) last referred to is that it makes only a prima facie case. To hold it conclusive would be, perhaps, to make it unconstitutional." By the very terms of section 329, such a judicial declaration of insolvency unreversed is vital throughout the administration of the estate. The petitions for the sale averred that some years before the estate was regularly declared insolvent. In other words, the fact or proof justifying, by the letter of the statute (section 326), a decree of sale for the payment of the debts, is set forth in the petitions to which reference must be had to determine whether the jurisdiction of the court came into play. We think that while the averment would probably have fallen under demurrer, and an overruling of it would have worked reversal on direct appeal, the petitions, by the allegation of the fact, rather than the statutory conclusion of insufficiency of personal assets to pay the debts, that the estate had been regularly declared insolvent, was sufficient to call into exercise the jurisdiction of the probate court to sell the lands.

There is force in the argument of appellants' solicitors that the issue, upon the hearing of the petition for sale of lands of an insolvent estate, is the then financial condition of the estate, including the insufficiency of the personal assets to satisfy the demands against the estate; but that right, that issue, is not subverted or perverted when we hold on collateral attack, that the averment of the proof requisite prima facie to sustain the petition and warrant the decree awakens the jurisdiction of the court to proceed in the premises; and, for the reason, that the declaration is but proof, prima facie, of the

financial condition, and dearth of personal assets, of the estate, which may be, by the heir, refuted, and which, when found to exist, is referable only to the time of the hearing of the. petition. The general rule unquestionably and wisely is that the personal representative in effecting a sale of lands of an estate under a decree of the probate court must perform the duty enjoined upon him in strict accord with the directions of the court and the provisions of law applicable to such proceeding.—*McCully v. Chapman,* 58 Ala. 325; *Cruikshank v. Luttrell,* 67 Ala. 318; *Wallace v. Nichols' Adm'r,* 56 Ala. 321. A sale ordered to be made for cash should.be so effected. The administrator is but the agent of the vendor, the court, and he is powerless to alter as against the heir, whose title is to be divested, the terms and conditions of the sale. Such is the general rule and from it there should be countenanced no serious departure. In this case we think the payment of the purchase price by the sole creditor of the insolvent estate was in effect cash. One of the prime reasons why some of the courts in other jurisdictions hold that the claim of the purchasing creditor may not be set off against the sum bid by him is that a preference might or would be accorded him over other creditors of the estate. That reason is not here present. Being the sole creditor of the insolvent estate, the proceeds of the sale, less the costs of administration (which were provided for in the instance at hand), go to him, his debt being in excess of the purchasing bid. No other person is interested, nor the rights of another involved. And the bid sum being at or above the fair value of the property, confirmation by the court was validly effective to complete, upon the credit on the debt being allowed and entered and the cost of administration paid and the conveyance made, the transfer of the legal title from the heir to the purchaser. It would have been, in this case.

an wholly useless formality to require the actual payment of the bid sum to the adminstrator whose almost immediate duty it would have been to return it, less the costs, and fees, to the purchasing creditor. These views are, we think, sustained in substantial reason as well as by the following authorities, among others: 18 Cyc. pp. 776, 777; *Norton v. Edwards*, 66 N. C. 367; *Dickinson v. Chism's Adm'rs*, 2 T. B. Mon. (Ky.) 144; *In re Albert's Estate*, 80 Mo. App. 557; *Hall v. Hall*, 11 Tex. 526.

There is no merit in the suggestion that the petitions were so defective in the description of the lands sold as to render the sale void.—*Doe v. Hardy*, 52 Ala. 291; and cases therein cited.

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concurring.