# King *v.* Gilreath.

*Motion to Vacate Decree.*

(Decided June 3, 1909.　49 South. 860.)

*Executors and Administrators; Insolvent Estate; Sale of Land; Validity.*—A probate decree for sale of lands of an insolvent estate is not void for failure to give notice to the heirs of an application for the sale of the land made after the insolvency decree.

APPEAL from Walker Probate Court.

Heard before Hon. JAMES W. SHEPHERD.

Application by E. W. King to vacate a decree ordering a sale of land. From a judgment refusing to vacate the decree, King appeals. Affirmed.

SMITH & SMITH, for appellant. Where an administrator becomes a purchaser at his own sale notice to the heirs to obtain a confirmation of the sale and an order to convey is necessary.—108 Ala. 411; 114 Ala. 393; 119 Ala. 377. The court is of limited statutory jurisdiction, and without authority to confirm void or unauthorized sales.—1 Brickell's Dig. 1239. Heirs are proper parties to all regularly conducted proceedings in the probate court for the sale of their lands.—*Cruikshanks v. Luttrell,* 67 Ala. 323. Where the order requires a sale for cash it limits the authority of the administrator to a sale for cash.—*McCullough v. Chapman,* 58 Ala. 328; *Gardner v. Kelso,* 80 Ala. 500; *King v. Gilreath,* 45 South. 89. The probate court has jurisdiction to set aside a void order when the record shows its invalidity. —*Glass v. Glass,* 76 Ala. 368; *Buchanan v. Thompson,* 70 Ala. 401; 47 Ala. 192.

BANKHEAD & BANKHEAD, for appellee. The questions presented in this case are fully discussed and conclusive-

ly settled against appellant in the case of *King v. Gilreath,* 45 South. 89.

ANDERSON, J.—This appeal presents for review the same decree of the probate court as was considered in the case between the same parties and reported in 154 Ala. 129, 45 South. 89; the present proceeding merely attacking the said decree in a different manner. It was heretofore held that this decree was not void; but appellant contends that the failure to give the heir notice of the application for sale, made after the insolvency of the estate, was not so fully argued as upon the present appeal. In reply we will say the probate court had no right to vacate this decree unless it was void, and we think the following cases sustain the action of the lower court in overruling the appellant's motion to vacate the said decree: *Friedman v. Shamblin,* 117 Ala. 466, 23 South. 821; *Satcher v. Satcher's Adm'r,* 41 Ala. 26, 91 Am. Dec. 498; *Pettus v. McClennahan,* 52 Ala. 57.

The decree of the probate court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.