Tompkins, J.,
delivered the opinion of the Court.
This was an action of debt commenced against the defendant as security in an administration bond, executed on the 11th of October, 1813, by one Hight as principal, with the defendant Pitman as his security.
The condition of the bond is set out in the declaration, and seven breaches assigned in substance.
*128 First. That said Hight did not account, &c.
Second. That the Circuit Court at the October term, 1815, gave the administrator permission to retain §616 12 (the balance'found in his hands upon settlement) for one year, on lawful interest, and that Hight had neglected and refused to account for the same at the expiration of the year.
Third. Breach is stated as the second, with an averment that Hight did not administer the sum of $616 12 according to law, hut converted and disposed of the same-to his own use, &c.
Fourth. That divers goods and effects, amounting to $2,000, came to the hands and possession of said Hight to be administered, which he did not administer according to law, but converted to his own use, &c.
Fifth. That divers sums of money, goods, &c., amounting to $2,000, came to his hands and into the hands of others for him to he administered, which he (Hight) wholly neglected to administer and account for, hut converted to his own use, &c.
Sixth. That said Hight had never made annual settlements, or any final settlement of his accounts, by reason whereof the guardian hart been put to great trouble and expense, in attempting to bring or compel him to make settlement, &c.
Seventh. That the County Court at August term, 1824, finding in said Hight’s hands the sum of $1222 62, unadministered, ordered him to pay over the same to the guardian, which he wholly neglected and refused to do.
The defendant plead generally, won est fadnm and nil debet, on which issues were taken and found for the plaintiff'.
To the first breach the defendant pleaded, that said Hight did account, &c., on which issue was taken and found for the plainliif, and his damages assessed to one sent.
To the sixth breach the defendant demurred and had judgment.
To the second and third breaches the defendant pleaded two pleas.
First. Oneravi non, because the Court had given Hight leave to retain and use the money without his (defendant’s) consent, and (hereby had discharged the security.
Second. Oneravi non, because he was the mere security of said Hight who had not been convicted by judgment or verdict of any waste or mismanagement, or of not settling or administering according to law, &c.
To the fourth and fifth breaches the defendant pleaded oneravi non, because, &c., as in the second plea to the second and third breaches.
To the seventh breach the defendant pleaded three pleas — two substantially the same as those pleaded to the second and third breaches, and the third plea, that said Hight made no settlement with the Court at the August term, 1824, and that said Court . did not find said sum of $1222 62 in the hands of said Hight due said estate, &e.
The plaintiff demurred to all the special pleas, and the defendant had judgment, to reverse which the plaintiff now prosecutes his writ of error in this Court.
The administration bond is joint and several, and may be put in suit by any person aggrieved against one or all of the obligors, and it has been decided by this Court, that the security may be sued so soon as the principal commits a breach of the condition, and that no conviction by judgment or verdict is necessary. The Circuit Court erred, therefore, in overruling the plaintiff’s demurrers to the second plea of tiie defendant to the second and third breaches — the pleas to the fourth and fifth breaches, and to the third plea to the seventh breach. The sixth breach is sufficiently assigned.
*129 The party hy law was entitled to special damages, if any were incurred; and the Circuit Court erred in sustaining the defendant’s demurrer thereto.
The Circuit Court erred also in overruling the plaintifF’s demurrers to the first pleas of the defendant to the second and third breaches, and to the second plea of the defendant to the seventh breach.
The permission which the Court gave Hight to retain and use the $616 12 for one year, did not cancel the obligation to make annual and final settlement, nor interfere with the power or duty of the security to compel him to do so, after the expiration of the year. It might be that the permission to retain and use the money would occasion the loss of it. It might, however, be employed to great profit. Whether in the case under consideration, profit or loss resulted from the permission to retain and use for one year, &c. does not appear.
Upon the whole, the judgment of the Circuit Court, is erroneous and must be reversed, and the cause remanded for further proceedings conformably to this opinion.