JAMES HAMLIN and others, Appellants, *v.* ELIZABETH KINNEY and others, Respondents.

*Appeal from Jackson County.*

1. The sureties on an executor's bond cannot be sued until after default of the executor in the Probate Court.
2. A supplemental answer is not a waiver of all former pleas not inconsistent with it.

*B. F. Dowell,* of counsel for respondents.

*G. H. Williams,* of counsel for appellants.

BOISE, C. J.   Elizabeth Kinney and others, the widow and heirs of David M. Kinney, deceased, brought suit in the Circuit Court for Jackson county, against James Hamlin, executor of said Kinney, and the sureties of said executor, to recover seven hundred dollars which had been allowed them, out of the assets of said estate, for the support of the family of the deceased, pending the settlement of the estate. It does not appear in the complaint that any steps have been taken in the Probate Court of said county to enforce the payment of said allowance before the bringing of this suit. And the first question made in the case is: Can the bond of the executor and his sureties be prosecuted and the sureties made liable for the default of the executor, to pay such allowance before some action on the matter is had in the Probate Court? Such an allowance being made by the Probate Court, if assets come into the hands of the executor and he neglect or refuse

to pay the allowance, then application could be made for an order of the Probate Court on the executor to pay the same; and if he still neglected or refused, then the Probate Court could proceed to enforce its order, or revoke the letters of such executor, and appoint an administrator who would obey its order. If the executor had wasted the estate so that the widow and heirs failed for that reason to receive the allowance, then, and not till then, would the sureties of the executor become liable to pay the amount of the allowance. We think the law contemplates that the allowance should be paid out of the assets of the estate; and the sureties of the executors only become liable when, by the misconduct of their principal, a loss fall on the widow and heirs in this respect, and that this should appear in the complaint of the plaintiff who sues on the bond; and since this does not appear in this case, we think the court had no jurisdiction of the case. There is another question which has been discussed in this case, on which, though not necessary for the disposal thereof, it is thought best to express the views of the court, as it is a matter of practice. Whether a supplemental answer in the nature of a plea *puis darein continuance* is, under the Code, as at common law, a waiver of all former pleas. Our statute on this subject is a copy of the New York statute, and there it is held under the Code that the filing of a supplemental answer in the nature of a plea *puis darein continuance* is not a waiver of all former pleas, unless they be inconsistent. We are inclined to adopt the same rule here.

Judgment reversed.