STATE OF MISSOURI, TO USE OF JAMES SHIELDS, ADMINISTRATOR OF MARGARET WISHART, DECEASED, Defendant in Error, *v.* MICHAEL FLYNN, Plaintiff in Error.

1. *Administrator's failure to pay over funds of an estate — Suit for may be brought before final settlement by County Court, when —* Suit on the bond of a public administrator, alleging his failure, or that of his legal representatives, to pay over to his successor the funds of a trust estate in his hands, as required by law (Wagn. Stat. 77, ¿ 47), and charging the conversion and appropriation thereof to his own use, may be maintained before final settlement of the estate by the County Court.

## *Error to Second District Court.*

*Van Alen,* for plaintiff in error.

I. Plaintiff in his petition does not bring himself within the provisions of sections 46–8, p. 77, of Wagner's Statutes. He does not aver that French's legal representatives were ever cited by the County Court to make "final settlement" of money, property, etc., of the estate of Wishart. (Gamble v. Hamilton, 7 Mo. 469 ; State, to use of Darland, etc., v. Porter, 9 Mo. 356 ) There the alleged delinquent failed to comply with an order of the County Court duly served upon him — not, as in this case, an order "duly entered of record" only.

II. The plaintiff avers that defendant wholly failed and neglected to account for $1,013.34. Account how, and to whom? There was no account due from him at the time he died ; not one year had elapsed since he took charge of said estate. (Wagn. Stat. 107, § 2.

III. This court, in the case of State, to use of Darland, v. Porter, *supra*, in the opinion, seem to have overlooked the provision in the statute giving to County Courts exclusive, original jurisdiction, as that point is not cited in the briefs of counsel or referred to by the court. In the case of Overton v. McFarland, 15 Mo. 312, the question was examined, and the decision of this court in the case of Miller v. Woodward, 8 Mo. 169, approved. But, says the plaintiff, French failed to account. It is true he died before an account was due ; still the bond makes no excep-

tion in case of death, and therefore his sureties are liable. Bonds are common wherein sureties bind themselves that a person charged with some criminal offense will appear at the next court having criminal jurisdiction, and not depart without leave. Was it ever claimed that, where the principal in the bond died before that time, his sureties were liable for his non-appearance? Most assuredly not. And the County Court is certainly clothed with ample power to compel the legal representatives of a deceased administrator to " account for all money, real and personal property of every kind, and all rights, credits, deeds, evidences of debt, and such papers of every kind of the deceased, at such times as the court shall order, on final settlement." (Wagn. Stat., ch. 2, art. I, § 47.) And for that purpose the said court is clothed with " exclusive, original jurisdiction." It is true that the section provides that " the succeeding administrator," etc., ". may proceed at law against the delinquent and his sureties." Has the County Court in this case decided that French was delinquent? There is no such averment in the plaintiff's petition in this case. It is to be inferred from the petition that the administration of French upon the Wishart estate is still an open, unsettled administration, and the Circuit Court had no jurisdiction. (Overton v. McFarland, 15 Mo. 312.)

*Conger & Reynolds*, for defendant in error.

I. An allegation of final settlement by the principal in the bond, or his legal representatives, need not be made, for it is not necessary to wait for such settlement. (Gen. Stat. 1865, ch. 120, § 47; *id.* ch. 126, § 9; *id.* 120, § 48.) True, section 47, chapter 120, refers to a final settlement; but this has been adjudged merely directory. (State, to use of Darland, v. Porter *et al.*, 9 Mo. 356; Finney v. State, 9 Mo. 362.) These decisions were made under the law of 1835; but that law was similar, in fact almost word for word, to our present statute.

II. The petition shows an order by the County Court on French's administrators, directing them to turn over all assets.

III. The action is not against French's administrators or legal representatives for a conversion by them, but against his own

sureties, for his own unlawful acts during his own lifetime. Of course, if French made the conversion during his lifetime, the effects converted would not come into his administrator's hands. All the connection his administrators or legal representatives had with the matter was the necessary allegation that neither he (French) in his lifetime, nor his administrators or legal representatives for him since his death, ever paid over or accounted for the amount converted by him. (Hay's Adm'r v. Petticrew's Adm'r, 19 Mo. 373.) And on this account the case of Gamble's Adm'r v. Hamilton *et al.*, 7 Mo. 469, cited by plaintiff in error, is not in point. That case was an action for the recovery of property in the hands of the legal representatives of the deceased administrator, which could be identified in their hands; while this is for property — assets — converted by the administrator himself.

IV. The petition in this case is in strict conformity to those heretofore cited by our courts with approval. The cases of The State, etc., v. Porter *et al.*, *supra;* State v. Finney *et al.*, 9 Mo. 632; Hay's Adm'r v. Petticrew's Adm'r, 19 Mo. 373; The People v. Dunlap, 13 Johns. 437, are parallel, and in most of them the same objections raised by counsel for the plaintiff in error were raised and were overruled by the court.

WAGNER, Judge, delivered the opinion of the court.

This was an action against the defendant as surety on an administrator's bond. From the record it appears that in March, 1867, George R. French was appointed public administrator of Washington county; that he executed his bond in the sum of $10,000, in the usual form, with defendant as one of the sureties. In September of the same year, as public administrator, he took charge of the estate of Margaret Ann Wishart, and proceeded to administer upon it. French died in 1868 without having finished the administration of Wishart's estate, and Shields was elected his successor and was ordered to take charge of the estate. Letters of administration were also taken out on French's estate, and his administrators were ordered to turn over everything belonging to the Wishart estate that had come to their hands, to Shields.

The petition alleges that French received $1,336.61 of property, money, etc., belonging to the estate of Wishart, and that he converted of the same to his own use the sum of $1,013.32. This conversion is assigned as a breach of the condition of the bond, and damages are asked in that amount.

The Circuit Court sustained a demurrer to the petition, but the ruling of the Circuit Court was reversed in the District Court. The essential points relied on to sustain the demurrer are, that it is not averred that French or his legal representatives made final settlement of the Wishart estate before the commencement of the suit ; that it is not stated that the County Court made final settlement of the estate, or that they made an order on French's legal representatives to pay over the property on final settlement with them.

The statute provides that if any executor or administrator die, resign, or his letters be revoked, he or his legal representatives shall account for, pay and deliver to his successor, or to the surviving or remaining executor or administrator, all money, real and personal property of every kind, and all rights, credits, deeds, evidences of debt, and such papers of every kind of the deceased, at such times and in such manner, as the court shall order on final settlement with such executor or administrator or his legal representatives. And it is also provided that the succeeding administrator, or the remaining executor or administrator, may proceed at law against the delinquent and his sureties, or either of them, or against any other person possessed of any part of the estate. (Wagn. Stat. 77, §§ 47–8.)

The only question material to be considered is whether an action on the bond can be maintained, under the circumstances of this case, before final settlement made by the County Court. This is not a new question in this court. It has been heretofore presented and decided in the affirmative. The case of The State, to use of Darland, Adm'r, etc., v. Porter *et al.*, 9 Mo. 356, arose under the statutes of 1835, but the provisions of the law then were similar to those now in force. The case is therefore direct authority. It was there held that the section which declared that whenever an order of payment was made on final settlement and

State of Missouri, to use of Shields, Adm'r of Wishart. v. Flynn.

the order was not complied with, suit should be brought, was not intended to be restrictive, nor did it convey the idea that suit could be brought only in those cases in which there was a final settlement; but it was determined that the section which enacted that the succeeding or remaining executor or administrator might proceed at law against the delinquent and his sureties, gave a remedy under all and any circumstances against a former administrator. A similar action was brought in the case of The State, to use of Renfro's Adm'r, v. Price *et al.*, 17 Mo. 431, and the point was not raised either by the counsel or the court, but the proceeding was treated as the admitted and established law of this State. It was settled in a very early day in this State that an action on an administrator's bond might be instituted against a surety before any indebtedness had been previously established, or any judgment obtained against the administrator. (See Devore v. Pitman, 3 Mo. 179; State, to use, etc., v. Campbell, 10 Mo. 724; Oldham v. Trimble, 15 Mo. 225; State, etc., v. Matson *et al.*, 44 Mo. 305.)

Mr. Williams states the proposition of law, that a neglect or refusal to distribute until a previous decree or sentence, is not a breach within the meaning of the condition that the administrator should well and truly administer according to law. But he adds that when the administrator applies and converts to his own use the effects of the intestate, so that these effects are lost to the estate, that will amount to a breach of the condition of the bond and will authorize an action on the bond at the instance of those interested. (1 Wms. Ex'rs, 445.) In the present case a conversion and appropriation to his own use by French was expressly alleged and assigned as a breach of the condition of the bond. If the facts stated were true, the condition of the bond was undoubtedly broken, and a right of action accrued against the sureties. The defendant, therefore, should have made his defense by answer and not by demurrer.

The judgment of the District Court will be affirmed. The other judges concur.