## ADAMS, ADM'R, ETC., *v.* PETRAIN, ET AL.

ADMINISTRATORS—ACCOUNTS MUST BE SETTLED IN COUNTY COURT.—No action can be maintained on an administrator's bond until after a final settlement of his accounts in the county court. His removal for misconduct, before the estate has been fully administered, does not obviate the necessity of such settlement before a resort to an action upon his bond for alleged delinquencies while in office.

APPEAL from Multnomah County.

*Sidney Dell*, for appellants.

*Northrup & Gilbert*, for respondent.

By the Court, WATSON, C. J.:

This action was begun by the respondent, Adams, admin-

istrator *de bonis non* of the estate of Joseph Petrain, deceased, against the appellants, Charles A. Petrain, the former administrator, and Holton and Manciet, his sureties upon his official bond, to recover an alleged unaccounted-for balance in his hands belonging to the estate. Joseph Petrain died in Washington Territory, of which he had been a resident, in March, 1876, leaving both real and personal property in said territory, and also leaving some money on deposit and some claims to be collected in this state. His widow, Catherine Petrain, was appointed administratrix of the estate in the territory, and the appellant, Charles A. Petrain, the administrator thereof in the state of Oregon. The latter was afterwards removed from his trust and his letters revoked for misconduct in the administration of the portion of the estate coming into his hands, in a proceeding instituted for that purpose by the petition of the said Catherine in the county court of Multnomah county. The county court found, upon the hearing of such petition, that the said Charles had been unfaithful to his trust, as charged, and decreed his removal therefrom; but neither then nor since has any settlement of his accounts as such administrator ever been had in said court, nor any proceeding taken there with such end in view. In this action in the circuit court such account was taken for the first time, and judgment rendered for the balance found due against the said Charles and the sureties on his official bond. And this is the judgment which appellants seek to have reversed on this appeal. They contend that, waiving all other grounds of objection, the judgment must be set aside for want of jurisdiction in the circuit court, appearing from the foregoing facts.

The state constitution provides that "the county court shall have the jurisdiction pertaining to probate courts."

(Articles 7, 12.) And the statute defining its jurisdiction declares: "The county court has the exclusive jurisdiction, in the first instance, pertaining to a court of probate; that is, (1) to take proof of wills; (2) to grant and revoke letters testamentary of administration and guardianship; (3) to direct and control the conduct and settle the accounts of executors and administrators," etc. (Code, §869.)

In the case before us, the account of the administrator was not settled in the county court. The circuit court undertook to discharge that duty, and the judgment, which the respondent obtained in the action, is based upon the settlement of accounts had in the circuit court. Was the settlement of this account a matter pertaining to the jurisdiction of a court of probate? It cannot be denied, and besides the statute quoted from expressly enumerates such settlements as within the jurisdiction belonging to a court of probate; and if it is a subject of probate jurisdiction, which is undeniable, then it is within the exclusive jurisdiction of the county court, and the action of the circuit court was unwarranted. This conclusion, from the case already stated, is irresistible; but respondent's counsel relies upon subsequent provisions in the same statute as authorizing such a proceeding in the circuit court. Section 1162 gives the county court authority to remove an executor or administrator who has violated his trust, and prescribes the mode of proceeding for that purpose. "Any heir, legatee, devisee, creditor, or other person interested in the estate," may institute the proceeding by filing a petition setting forth the alleged misconduct. The executor or administrator, as the case may be, alone is cited, and the cause is summarily disposed of. Section 1066 provides that in case of removal, "administration of the estate remaining unadministered

shall be granted to those next entitled, if they be competent and qualified." Section 1067 is as follows:

" Sec. 1067. The surviving or remaining executor or administrator, or the new administrator, as the case may be, is entitled to the exclusive administration of the estate, and for that purpose may maintain any necessary and proper action, suit, or proceeding, on account thereof, against the executor or administrator ceasing to act, or against his sureties or representatives."

It is claimed on behalf of the respondent that this last section authorizes the circuit court to entertain actions like the present, and several authorities from other states have been cited in support of this construction. But the statutes under which these decisions were rendered are dissimilar from our own in every instance, and most quite different. That of Missouri, perhaps, contains provisions more nearly resembling those in section 1067, above quoted from our code, than are to be found in the statutes of any other state. The decisions cited from the reports of that state were made upon statutory provisions substantially the same as those which have been incorporated in sections 48 and 55, on pages 8 and 9, vol. 1 of the revision of 1879. The first of these sections provides that "if any executor or administrator die, resign, or his letters be revoked, he, or his legal representatives shall account for, pay, and deliver to his successor, or to the surviving or remaining executor or administrator, all money, real or personal property of every kind, and all rights, credits, deeds, evidences of debt, and such papers of every kind of the deceased, at such times and in such manner as the court shall order on final settlement with such administrator or executor, or his legal representatives, to be made on motion of his successor, or remaining or surviving executor or administrator." The section im-

mediately following in the original enactment is in these words:

"The succeeding administrator, or remaining executor or administrator, may proceed at law against such executor or administrator, or his securities, or either of them, or against any other person possessed of any part of the estate."

The case of *State* v. *Porter*, 9 Mo., 356, was decided in view of the provisions contained in these sections, and a third section (37) authorizing the county court to revoke the letters, and impose a fine upon an executor or administrator neglecting or refusing to make a final settlement with the estate. The county court had ordered the removed administrator to pay over the moneys, effects, and credits in his hands belonging to the estate of the deceased, but there had been no final settlement of the removed administrator in the county court as a basis for such order to "pay over," etc. The removed administrator and his securities were sued on his official bond, as in the case before us, by the administrator *de bonis non.* The principal objection to the maintenance of the action was the want of such settlement. The question considered by the court, with regard to this objection, was whether the legislature intended the action provided by the second section should only be resorted to after the settlement and order to "pay over," etc., provided for in the first section, immediately preceding, had been made, or whether it was designed as a remedy in the cases where no settlement had been had or order made. The court determined the question solely with reference to the probable intention of the legislature. "Did it intend to give the action in other cases than those provided for in the first section?" And in arriving at a conclusion, the court considered nothing beyond the terms employed in the sections themselves which they were construing. The subject

of the jurisdiction of the county court does not seem to have been adverted to, and obviously had no influence on the decision. The court held that the want of a final settlement of the removed administrator with the estate, would not defeat the action in all cases, whether such settlement was had or not. The reason assigned in the opinion of the court for their conclusion, that if a settlement should be held essential to the maintenance of such an action, the administrator could always prevent a resort to it by neglecting or refusing to settle with the estate in the county court, and submitting to the imposition of a fine and a revocation of his letters, and that an interpretation of these provisions leading to such a result ought not to be adopted, when the terms employed would bear a different construction, attended by no such consequences.

It is apparent, therefore, that this decision is not an authority upon the point under consideration in the case at bar; and although this decision was cited and followed in several subsequent cases in the same state, the objection that the construction there given to the sections of the statute referred to was an invasion of the exclusive jurisdiction of the county court, does not appear to have been made until the case of *Wishart* v. *Flynn*, 48 Mo., 413, came before the same court, many years afterwards, when it was held that the doctrine announced in *State* v. *Porter*, *supra*, must be regarded as the settled law of the state.

The cases cited on the same side from the Ohio and Indiana reports throw no light upon the question we are examining. Not only are the statutes under which they were decided widely different from our own, but no question as to the exclusive jurisdiction of the county court in probate matters seems to have been raised, and it is doubtful, in

view of the judicial systems of those states respectively, if any such question was involved.

The constitution of this state having invested the county court with the jurisdiction belonging to probate courts, we think it is not in the power of the legislature to authorize the settlement of the accounts of executors or administrators—a matter of probate cognizance, plainly and exclusively—in any other court. In the next place, we do not think a construction of the provisions of section 1067 of our code, conferring such power on any other court, is warranted. This section and the section before cited, declaring that the county court has exclusive jurisdiction in the first instance of all probate matters, are parts of the same act and should be so construed, if the language will bear it, that each may have effect. To hold that an executor or administrator may be called upon to account in circuit court for the amount of money received by him belonging to the estate and not disbursed pursuant to law, as was done in this instance, would be simply to nullify the provision giving the county court "exclusive jurisdiction" over such matters. But section 1067 of the code merely declares that the administrator *de bonis non*, in such a case as the present, "is entitled to the exclusive administration of the estate, and for that purpose may maintain any necessary and proper action, suit, or proceeding on account thereof," etc.

The preceding section (1066) gives to the administrator *de bonis non* administration of the estate remaining unadministered only, and it has been urged on behalf of the appellants that in no event can he recover for funds of the estate received by his predecessor and converted by him, as such funds would not be unadministered estate. But taking a comprehensive view of the whole system of administration provided by the code, we think the word "unadministered,"

as used in this section, has a wider signification, and includes all the effects of the estate in the hands of the removed executor or administrator which have not been disbursed or distributed to the parties entitled to receive them, under the orders of the county court; in short, every portion of the estate or its effects not completely administered. But the provision in section 1066, for the bringing of "any necessary and proper action, suit or proceeding on account thereof" by the administrator *de bonis non*, is entirely consistent with the "exclusive jurisdiction" of the county court over the settlement of the removed administrator's accounts and the adjustment of his liability. There is no doubt but that the removed administrator or executor may be compelled to render a final account in a "proceeding" for that purpose, instituted by the administrator *de bonis non*. His removal does not relieve him of his obligation to render such account, and we perceive no difference between the procedure in such a case and any other where a final accounting and settlement are proper. But were it otherwise, the power of the county court to exercise its exclusive jurisdiction in the most effectual manner cannot be doubted; and when the accounts of the removed administrator or executor have been settled, and the balance due from him ascertained and decreed by the county court, his failure or refusal to pay the amount adjudged to be due from him, or the property still unadministered in his hands, to his successor in office, in accordance with the decree of the county court, would warrant bringing the necessary and proper action, suit, or proceeding, provided for by section 1067. No "action, suit or proceeding" in the circuit court, under any other circumstances, can be deemed either "necessary" or "proper" in view of the exclusive jurisdiction of the

county court in probate matters. This seems to us to be not only the natural and easy construction of the provisions of this section, but the only one in harmony with those contained in the preceding section of the same act, defining the jurisdiction of the county court in probate matters; and it is certainly the only one consistent with the preservation of the symmetry, if not the efficacy of our probate system. These considerations appear to us sufficient to require its adoption as the true construction of the provisions of the code upon the subject. (*Baker* v. *State*, 21 Ark., 405; *Beall* v. *New Mexico*, 16 Wall., 540.) We hold, therefore, that the circuit court had no jurisdiction of the cause, and that its judgment therein must be reversed.

The other points made by counsel for appellants we do not think it proper to decide.

The judgment of the circuit court is reversed, with directions to dismiss the action.