[Filed November 17, 1890.]

JAMES STEEL, ADMINISTRATOR, *v.* JOSEPH HOLLADAY.

PLEADING—COMPLAINT INSUFFICIENT ON DEMURRER.—In an action by an administrator with the will annexed against his predecessor in the trust for a *devastavit* in failing to redeem certain stook in a private corporation belonging to said estate and which had been sold under a decree of the U. S. circuit court, and was by the terms of sale subject to redemption within six months, the complaint must allege that there were assets in the executor's hands available and applicable to the purpose of redemption, and that the proper county court ordered the redemption to be made.

COUNTY COURT—EXCLUSIVE JURISDICTION—DEVASTAVIT.—Section 895, Hill's Code, confers upon the county court exclusive jurisdiction, in the first to direct and control the conduct and to settle accounts of executors, administrators and guardians, and this includes the power to inquire into a case of *devastavit* and to charge the delinquent with the amount thereof.

DEVASTAVIT DEFINED.—*Devastavit* is a violation of duty by the executor or administrator such as renders him personally responsible for mischievous consequences; a wasting of the assets; a mismanagement of the estate and effects of the deceased, in squandering and misapplying the assets, contrary to the duty imposed on the executor or administrator.

Multnomah county:   E. D. SHATTUCK, Judge.

Plaintiff appeals. Affirmed.

The defendant demurred to plaintiff's amended complaint, which being sustained, a final judgment was entered in favor of the defendant, from which this appeal is taken. The plaintiff sues as administrator with the will annexed of Ben Holladay, deceased. The amended complaint, after setting

forth at length the plaintiff's appointment and qualification, the previous appointment of Joseph Holladay as executor, the provisions of the will, and the condition of the said 10,000 shares of the capital stock of the Oregon Real Estate Company; that they had been sold under the decree of the circuit court of the United States for the district of Oregon for $335,000, and that the executor had been given by said court the right to redeem said stock within six months from the date of the decree, to wit, July 30, 1888, by paying the said amount for which the stock had been sold, and that there were no other liens or incumbrances thereon, and that the same were owned by said Ben Holladay, deceased, alleges as follows: "That the said real estate so standing in the name of said Oregon Real Estate Company was, at the date of said sale, and during the time said right of redemption existed, and is now, of the value of not less than $1,200,000, and that said shares of stock were, during all of said time, of the value of not less than $1,000,000, and that the redemption of said stock would have been vastly to the interest of said estate of Ben Holladay, deceased, and not in any way prejudicial to any of the creditors of said deceased or other persons interested in said estate; that it became and was the duty of said Jos. Holladay, as executor of the will of said Ben Holladay, deceased, by virtue of his trust, to pay off the amount of said claims against said deceased, for which said stock had been sold as aforesaid, and redeem the same for the benefit of said estate, and to prevent said property, worth over $1,000,000, from being sold and taken away from said estate for said sum of $335,-000, all of which, with due and reasonable diligence on his part, he could have done; that during the whole period allowed for such redemption as aforesaid, there was real estate belonging to said estate of Ben Holladay, deceased, of the probable value of $200,000, which, under the provisions of said will, he had, as such executor, the power to sell and convert into cash, and that, in addition thereto, he had under his control, as such executor, personal property belonging to

said deceased to the amount and value of over $500,000, out of the proceeds of which he could have easily procured funds sufficient to make such redemption of said stock, or that he could have pledged the same as security for the money with which to have made such redemption, without in any way impairing or affecting the claims or interest of any person in or against said estate, and thereby secured possession of said stock for the purposes of administration, all of which he failed, neglected and refused to do; that it became and was the duty of said Joseph Holladay, as executor of the will of said Ben Holladay, deceased, within one month from the date of his appointment, or such further time as the court or the judge of the county court of Multnomah county, state of Oregon, might allow, to make an inventory, verified by his own oath, of all the real and personal property of the deceased which should come to his possession or knowledge, and before filing the same with the clerk of said county court, cause the property therein specified to be appraised at its true cash value by three disinterested and competent persons appointed by said court or judge, and that said county court did appoint three competent and disinterested persons appraisers of said property; that it would have then been the duty of said Joseph Holladay, as such executor, upon the filing of said inventory, or at the next term of the court, to wit, the first Monday in November, 1888, to have made an application to sell the said personal property of the estate, or so much thereof as was necessary to pay the funeral charges, expenses of administration, and the claims against said estate, including said claims mentioned in said decree; and it would then have been the duty of the county court to have ordered such sale, and of the said Joseph Holladay, as such executor, to have sold the same and applied the proceeds thereof, or so much thereof as was necessary, to the payment of said claims for which said stock was sold as aforesaid, and redeem the same as provided in said decree of confirmation; that it became and was the duty of said Jos. Holladay, as such executor, by virtue of the statute

in such case made and provided, to apply to the county court of Multnomah county, state of Oregon, for an order directing him, as such executor, to redeem said stock out of the proceeds of the other personal property belonging to said estate, and if, upon such application to the county court, such redemption had been deemed not proper or expedient, said county court would have been bound to have ordered said property sold in the manner provided by law, subject to the lien of said decree; and that he was offered and could have sold said stock during the said period allowed for redemption thereof, for the sum of $500,000, or $165,000, subject to the lien of said decree, and for an amount largely in excess of said $335,000.

But said Jos. Holladay, in violation of his duty under the law as such executor, wilfully, purposely and maliciously failed, neglected and refused to make and file an inventory and appraisement of the property belonging to said estate, or any part thereof or of said shares of stock; purposely, wilfully and maliciously failed, neglected and refused to apply for an order of sale of said property or any part thereof, or to sell the same or any part thereof, or to apply for an order to redeem said shares of stock out of the other personal property of said estate, or for an order to sell said stock subject to the lien of said decree; purposely, wilfully and maliciously failed, neglected and refused to redeem said stock or to borrow the money with which to redeem the same when offered to him at reasonable figures; or to sell or pledge or mortgage the property of said estate to raise the money with which to pay said indebtedness for which said shares of stock had been sold, and redeem the same, or otherwise to comply with his duty as such executor in the premises, but wrongfully, maliciously, purposely and through his gross negligence and carelessness, suffered and allowed the time given for making such redemption of said stock to expire without redeeming the same or selling the same as aforesaid, whereby the same was wholly lost to said estate; that by reason of the premises, said estate suffered

loss and injury, and has been damaged in the sum of $500,-
000; that upon petition of said Esther Holladay and said
Linda and Ben Campbell Holladay, the county court of
Multnomah county, state of Oregon, in the matter of the
estate of said Ben Holladay, deceased, on the 31st day of
May, 1889, duly made and entered an order and decree in
said matter, finding and adjudging that said Jos. Holladay
had been unfaithful to, and neglected his trust to the proba-
ble loss of the petitioners therein, as alleged and set forth in
said petition, and removing him from said office of executor,
and revoking his letters as such executor, and that this
plaintiff is his successor in office. And that it is necessary
for the complete administration of said estate, and to enable
the plaintiff to secure funds with which to pay the claims,
debts and charges against said estate, that said defendant
should make good to this plaintiff the said loss, and that
unless he does so, plaintiff will be unable, out of the remain-
ing assets, to pay the debts, claims and charges against said
estate in full, or to pay the legacy provided for in said will.
Wherefore, plaintiff, as administrator with the will annexed
of the estate of Ben Holladay, deceased, prays judgment
against said defendant in the sum of $500,000 and for costs
and disbursements of this action.

Defendant demurred to the amended complaint upon the
grounds (1) that the said amended complaint did not state
facts sufficient to constitute a cause of action; and (2) that
the court had no jurisdiction of the subject matter of the
suit alleged in said complaint.

*Mitchell & Tanner*, for Appellant.

Sections 1098 and 1099 of Hill's Code seem ample to give
the administrator authority to sue his predecessor and bring
him to account for loss of property during the course of his
administration. (*McDonald & Glenn* v. *O'Connells, Admstr.* 30
N. J. L. 317; *Jewelt* v. *Jewelt, Admstr.* 5 Mass. 275; *Drenkle*
v. *Sherman,* 9 Watts, 485; *Carter* v. *Trueman,* 7 Penn. St. 315;
*Adams* v. *Petrain,* 11 Or. 310; Woener's Law of Administra-
tion, § 352.)

The case was properly brought in the circuit court. (Woener's Law of Administration, §§ 321, 324; *Fourniguet* v. *Perkins*, 7 How. (U. S.) 160.)

Executors are liable for losses occurring by non-feasance as well as malfeasance. (*Fisher* v. *Skillman, Exs.* 18 N. J. Eq. 229; *Harrington* v. *Keteltas*, 92 N. Y. 40, 45; Schouler on Executors, §§ 316, 317, 318, 203, 206, 355; 2 Woener's Law of Administration, § 310; Schouler on Executors, § 209, note C; *Feagan* v. *Kendall*, 43 Ala. 628; *Matter of Gorman*, 50 Mo. 179; Schouler on Executors, §§ 355, 316; Perry on Trusts, §§ 845, 847; Woener's Law of Administration, § 330; *Fisher* v. *Skillman, Ex.* 18 N. J. Eq. 229; *Sanford* v. *Thorp*, 45 Conn. 241.)

A right of redemption in personal property is assets, and may be sold as other property. (*Jackson* v. *Hall*, 10 Johns. 481; Freeman on Executors, §§ 117, 384, 917; Woener's Law of Administration, §§ 313, 471.)

*R. & E. B. Williams*, and *Carey*, for Respondents.

No "action, suit or proceeding" can be deemed "necessary" or "proper" until the accounts of the removed executor have been passed upon by the county court. (*Hamlin* v. *Kinney*, 2 Or. 91; *Adams* v. *Petrain*, 11 Or. 304.)

In the absence of statute, an administrator *de bonis non* cannot sue his predecessor, either directly or on his administration bond for delinquencies or *devastavit*. (7 Am. and Eng. Enc. of Law, 228 (note); *Beall* v. *New Mexico*, 16 Wall. (U. S.) 540; *Carter* v. *Trueman*, 7 Pa. St. 315; *Kendall* v. *Lee*, 2 P. & W. 482; *Johnson* v. *Hogan*, 37 Tex. 77; *Ashmead's Appeal*, 27 Conn. 344; *Searles* v. *Scott*, 14 S. & M. 94; *Rives* v. *Patty*, 43 Miss. 338; Schouler, Ex. and Ad. §§ 408, 412; 3 Redf. Wills, 102.)

The administrator *de bonis non* is only entitled to the assets unadministered, which remain *in specie*. (4 Bac. Abr. title "Executors," 24; *Brownlee* v. *Lockwood*, 20 N. J. Eq. 256; *Potts, Admr.* v. *Smith*, 3 Rawle (Pa.), 361, 24 Am. Dec. 359.)

A creditor or heir, and not the new administrator, is the proper person to call a former executor to account for *devas-*

*tavit.* (*Short* v. *Johnson,* 25 Ill. 405 ; *Rowan* v. *Kirkpatrick,* 14 Ill. 7; *Beall* v. *New Mexico,* 16 Wall. 535.)

STRAHAN, C. J.—The only question presented on this appeal is the sufficiency of the complaint. It appears that Joseph Holladay had been the executor of Ben Holladay's will and for cause was removed from his trust. While he was acting as such executor, the property described in the complaint was sold under a decree of the circuit court of the United States for the district of Oregon, and a time specified in the decree of the federal court within which a redemption might be had. The amount for which the property sold was more than $330,000. Independently of the provision of the Code conferring exclusive jurisdiction on the county courts to settle the accounts of executors and administrators, presently to be noticed, does the complaint state a cause of action? We do not think it does, for two reasons: *First,* it is not alleged in the complaint that the county court of Multnomah county made any order authorizing or directing the defendant to make such redemption. Manifestly the executor had no power or authority without the direction of the county court, or at least he was under no legal duty to act and apply so large an amount of the estate under his control to the redemption of the stock in question. The values of such stock fluctuate, and at boom prices it might appear to be worth a very large sum, and yet, if subjected to the true test of its actual market value in cash, it might not appear to be so desirable as an investment. At least there is room for differences of opinion; and in the absence of a positive direction by the county court on the subject, the executor might lawfully forbear making the redemption without subjecting himself to the charge of a *devastavit.*

*Second,* it does not appear from this complaint that there were any assets in the hands of the executor available and applicable to the purposes of such redemption. The fact that he had property, is not enough. Whether the county court would have ordered it converted into money and

applied to the exclusive purpose of this redemption without regard to all other claimants, cannot be known; and to assume that it would have so ordered, and that the money necessary could have been realized by a sale of the property in time to have made the redemption, would be going further to sustain this action than the facts would justify. But there is another objection equally fatal to this complaint. The constitution, § 12, article VII, provides: "The county court shall have the jurisdiction pertaining to probate courts * * * as may be prescribed by law." And Hill's Code, § 895, provides: "The county court has the exclusive jurisdiction, in the first instance, pertaining to a court of probate; that is, * * * 3. To direct and control the conduct and settle the account of executors, administrators, and guardians." The complaint attempts to charge the defendant with what would have constituted *devastavit* at common law. It is defined to be a violation of duty by the executor or administrator, such as renders him personally responsible for mischievous consequences, and which the law styles a *devastavit;* that is, a wasting of the assets; or, to take the definition of the courts, a mismanagement of the estate and effects of the deceased, in squandering and misapplying the assets contrary to the duty imposed on him. For a *devastavit,* the executor or administrator, it is said, must answer out of his own means so far as he had or might have had assets of the deceased. (Schouler's Exrs. and Admrs. § 383.) To the same effect is 7 Am. and Eng. Ency of Law, 346, where the authorities are very fully collated. For a *devastavit,* an executor or administrator is liable to be called to an account in the county court. (2 Am. Law of Administration, § 534; Schouler's Exrs. and Admrs. § 383; *O'Connor* v. *Gifford,* 6 Dem. R. 71; *Stites* v. *Burch,* 5 Paige Ch. 132; *Brown* v. *Brown,* 53 Barb. 217; *Irwin* v. *Backus,* 25 Cal. 214, 85 Am. Dec. 125.) And the decision of this court in *Adams* v. *Petrain,* 11 Or. 304, very fully sustains the exclusive jurisdiction of the county courts in such matters, to the authority of which we fully accede.

ˋ Counsel for appellant argued that it was the defendant's

duty to have gone into the county court and endeavored to obtain an order for the redemption of this stock, and that his failure to do so constituted a *devastavit*.   But the defendant may have honestly believed that method of procedure to have been impracticable, or that the money could not have been thus raised, or even that the interest of the estate would not have been promoted by the redemption; in either of which cases, if he honestly exercised his best judgment, he would not be personally responsible for a mistake.   Besides this, if other persons interested in the estate differed with him on this subject, it was their right to apply to the county court and obtain its direction in relation to the redemption, which, when given, the defendant would have been bound to obey.

It follows that the judgment appealed from must be affirmed.