DECKER v. DECKER et al.

(First Division. Juneau. October 11, 1906.)

No. 412A.

1. COURTS (§ 200*)—JURISDICTION—PROBATE COURTS.

Plaintiff brought suit in the district court as the heir at law of Decker, deceased, against the administrator of the estate and the sureties on his bond, to recover in her own name alleged losses accruing to the estate. *Held*, that the Alaska Code has vested in the commissioners as ex officio probate judges probate "jurisdiction within their precincts, subject to the supervision of the district judge," that such supervision by the district judge is appellate only, and that the district court has no original jurisdiction in probate matters.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 200.*]

2. EXECUTORS AND ADMINISTRATORS (§ 534*)—ACTION ON BOND—CONDITIONS PRECEDENT.

An action upon the administrator's bond in which it is sought to recover for alleged misconduct of or misappropriation of property by the administrator will not lie until the remedies of the probate court have been exhausted; in other words, until the probate court has found such misconduct or misappropriation to exist, and the administrator has refused or neglected to comply with the orders of the probate court made upon such findings. Thus will the liabilities of the sureties be fixed.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2458–2461; Dec. Dig. § 534.*]

E. M. Barnes, for plaintiff.

H. A. Day, L. P. Shackleford, and John R. Winn, for defendants.

GUNNISON, District Judge. This matter arises on demurrers to the complaint by two of the defendants, J. M. Decker and B. M. Behrends. Plaintiff sues, not as an individual, but as the heir of E. O. Decker, deceased. The action is

against J. M. Decker as the administrator of the partnership estate of Decker Bros., in which her deceased husband, E. O. Decker, was a partner, and against the sureties on J. M. Decker's bond as such administrator. Three separate causes of action are set up in the complaint, each of which is based upon an alleged wrongful and fraudulent act of the defendant Decker. Each cause of action also sets up that on June 27, 1899, the defendant Decker became administrator of the partnership business. But nowhere in the complaint does it appear that such administration has ceased. The court will not, therefore, presume any different situation to exist than is disclosed by the pleading.

The administrator of a partnership business, like the administrator of an individual estate, is appointed and acts under the authority granted by, and is subject in all matters pertaining to the administration to, the direction and control of the probate court. Code Civ. Proc. § 792. Hence the provision of the Code and the rules of law applicable to a general administrator are controlling in the case of the partnership administrator. Over the general administrator, the commissioner, as ex officio probate judge, has, in the first instance, the exclusive jurisdiction. The language of section 763, Code Civ. Proc.:

"The commissioners appointed in pursuance of this act and other laws of the United States have jurisdiction within their respective precincts, subject to the supervision of the district judge, in all testamentary and probate matters"

—is somewhat different from the Oregon statute (section 895, Hill's Ann. Code), upon which the defendants rely. That section provides that:

"The county court has the exclusive jurisdiction, in the first instance, pertaining to a court of probate."

The matters over which jurisdiction is given are enumerated in identical language in each Code. But does the different

phraseology of the two sections make a difference in the character of the jurisdiction? True, the Alaska Code does not specially give "exclusive jurisdiction in the first instance." What was the intention of Congress in declaring that commissioners were to have "jurisdiction within their precincts subject to the supervision of the district judge"? The character of the "supervision of the district judge" may throw some light upon the intention. Sections 940–943, Code Civ. Proc., provide for an appeal from the probate court (section 940), the manner of taking it (section 941), what is the duty of the district judge (section 942), and how he shall proceed when the appeal is perfected (section 943). Nowhere else in the Code is there provided a means by which the district judge may supervise. His supervision is merely appellate. When the appeal is perfected and heard, the court or the judge is to "determine the issues so raised according to the very right of the matter, and make such order in the premises as he may see fit." A copy of the order so made is to be forwarded to the commissioner before whom the exception was taken, and he must "proceed in accordance with such order" (section 943). So it will be seen that there is nothing here to deprive the commissioner, acting as a probate judge, of the exclusive jurisdiction of probate matters, in the first instance. The supervision of the district judge may be invoked by an appeal, and, where once invoked, has a wide latitude; but it in no way interferes with the original jurisdiction of the commissioner, which, within limits provided by the statute, seems to be exclusive. Therefore the commissioner, as ex officio probate judge, has exclusive jurisdiction (2) "to grant letters of administration and (3) to direct and control the conduct and settle the accounts of administrators" (section 763).

An action upon the administrator's bond, in which it is sought to recover for alleged misconduct of, or misappropriation of property by, the administrator, will not lie until the

remedies of the probate court have been exhausted; in other words, until the probate court has found such misconduct or misappropriation to exist, and the administrator has refused or neglected to comply with the orders of the probate court made upon such findings. Thus will the liability of sureties be fixed. Hamlin v. Kinney, 2 Or. 92. Adams, Adm'r, v. Petrain, 11 Or. 305, 3 Pac. 163, was a case instituted in the circuit court of Oregon, in which an administrator de bonis non sought to recover from a removed administrator and his bondsmen an alleged unaccounted balance. A judgment was recovered against the defendant and his bondsmen, but the Supreme Court of Oregon reversed the judgment and directed a dismissal of the action, holding that the circuit court had no jurisdiction to entertain such an action under the Oregon Code; that the county court, as a court of probate, had the original and exclusive jurisdiction to compel an accounting, and to settle it. The court says:

"His removal does not relieve him of his obligation to render such an account (i. e., final), and we perceive no difference between the procedure in such a case and any other where a final accounting and settlement are proper. * * * When the accounts of the removed administrator or executor have been settled, and the balance due from him ascertained and decreed by the county court, his failure or refusal to pay the amount adjudged to be due from him, or the property still unadministered in his hands, to his successor in office, in accordance with the decree of the county court, would warrant bringing the necessary and proper action provided for by section 1067. No suit in circuit court under any other circumstances could be deemed necessary or proper in view of the exclusive jurisdiction of the county court in probate matters."

This case is followed and supported by other well-considered decisions in Oregon, among which are Steel v. Holiday, 20 Or. 76, 25 Pac. 69, 10 L. R. A. 670, and Herren's Estate, 40 Or. 90, 66 Pac. 688. See, also, Beall v. New Mexico, 16 Wall. 539, 21 L. Ed. 292. The above cases are much stronger than

that at bar. In each of these the action is brought by the administrator de bonis non, and the administrator's connection with the particular estate had been ended by removal. In the case at bar, so far as the pleading discloses, Decker is still administrator of the partnership business, and has not yet been called upon to account to the court, or to settle with the general administrator of the deceased. Under section 792 he is required to account to the general administrator, and not to the heirs.

The demurrers should be sustained.