Argued April 25; affirmed June 1, 1944

# NATIONAL SURETY CORPORATION *v.*
## McARTHUR ET AL.
(149 P. (2d) 328)

Before BAILEY, Chief Justice, and BELT, LUSK, BRAND and HAY, Associate Justices.

*Robin D. Day,* of Salem, for appellant.

*John H. Carson,* of Salem (Carson & Carson, of Salem, on the brief), for respondents.

HAY, J.

In this action the plaintiff and appellant, National Surety Corporation, sought to recover of the defendants McArthur, former administrators of the estate of Robert Poinsett, deceased, losses sustained by the estate through the alleged negligence of the defendants in their administration.

The complaint recited that, on August 22, 1931, the defendants were appointed administrators of said estate by the County Court of Marion County; that they qualified as such administrators and entered upon their duties; that, on July 7, 1938, they filed their final account; that, on July 16, 1938, by order of said court, they were removed as administrators and Ladd & Bush Trust Company was appointed administrator de bonis non; that the defendants negligently handled the affairs of the estate, (specifically detailing such alleged negligence); and that the administrator de bonis non, under authority of an order of said court, had assigned to plaintiff the claims of the estate against said former administrators. Judgment in the sum of $4,000 was demanded.

The defendants admitted that they had been appointed administrators as aforesaid and had entered upon their duties, but denied generally the other allegations of the complaint. By stipulation, the action was tried by the court without a jury. Evidence was submitted on the part of the plaintiff, and thereafter the court, on motion of the defendants, entered a judgment of involuntary nonsuit. Plaintiff appealed.

Plaintiff's evidence, introduced over the objections of defendants, tended to show the following facts:

Upon the appointment of the defendants as administrators, National Surety Company, a corporation,

became their bondsman, and thereafter appellant herein, National Surety Corporation, assumed the obligations of National Surety Company upon the bond. On July 7, 1938, the administrators filed a report of their administration, and asked to be relieved of their trust. On July 16, 1938, the heirs at law petitioned the court to remove the administrators, and the court made an order removing them and appointing Ladd & Bush Trust Company as administrator de bonis non. On August 9, 1938, the former administrators filed an amended final account, to which objections were filed by the administrator de bonis non and the heirs. No hearing was had upon the account, but, on December 12, 1938, the administrator de bonis non filed a petition in which, after reciting the filing of the amended final account and of the objections thereto, it was alleged that the administrator de bonis non had discussed with the bondsman for the former administrators the matter of said objections, and that, with the consent of the heirs, a compromise settlement had been agreed upon whereby the bondsman would pay to the administrator de bonis non the sum of $3,903.59, in consideration whereof the former administrators were to be released from all further obligations to the estate. The administrator de bonis non and the heirs appeared by the same attorney. Upon such petition, the court, on December 12, 1938, made an order approving the proposed settlement. Within a few days thereafter, the bondsman paid to the administrator de bonis non the sum agreed upon, and thereafter, on December 22, 1938, the administrator de bonis non reported such payment to the court in a petition which recited, among other matters, that, in order that the bondsman might be subrogated to the rights of the administrator de bonis non against the former administrators, it had requested the

petitioner to assign to it all claims and demands of the administrator de bonis non against the former administrators. On December 22, 1938, the court made an order authorizing such assignment, and, on the same day, the administrator de bonis non assigned to National Surety Corporation "all of its claims, demands and rights of action, against said D. E. McArthur and Ida E. McArthur, as former administrators of the estate of Robert Poinsett, deceased, and all the claims, demands and rights of action of said Estate of Robert Poinsett, deceased, against said D. E. McArthur and Ida E. McArthur as said former administrators."

The objections of the respondents to the admission of the foregoing evidence were that the claim of the administrator de bonis non against them, as former administrators, was not assignable; that no action could be maintained thereon until their final account was settled; and that, upon payment of the amount of the agreed compromise, the claim of the administrator de bonis non against them was extinguished. The same objections were urged upon the motion for nonsuit.

■■ The complaint did not set forth the fact that the plaintiff was the bondsman of the former administrators, and that, as such bondsman, it had paid to the administrator de bonis non an obligation of the former administrators to the estate arising out of their maladministration thereof. The action was based upon the purported assignment to plaintiff by the administrator de bonis non of its right to proceed against the former administrators to recover for the estate the losses which it had sustained by reason of their negligent administration of the assets. The right of an administrator de bonis non to take whatever proceedings may be necessary against a former administrator in such

cases is a statutory one, conferred by section 19-225, O. C. L. A., which reads as follows:

> "The surviving or remaining executor or administrator, or the new administrator, as the case may be, is entitled to the exclusive administration of the estate, and for that purpose may maintain any necessary and proper action, suit, or proceeding on account thereof, against the executor or administrator ceasing to act, or against his sureties or representatives."

See *Adams v. Petrain,* 11 Or. 304, 310, 3 P. 163; *Steel v. Holladay,* 20 Or. 70, 77, 25 P. 69, 10 L. R. A. 670; *In re Herren's Estate,* 40 Or. 90, 66 P. 688. Being a statutory remedy, it must be pursued and confined within the terms of the statute. 34 C. J. S., Executors and Administrators, section 1023, p. 1281. We are of the opinion, on principle, that such a right is not assignable. Within the terms of the statute, it could have been pursued only by the administrator de bonis non, and only in the probate court. Plaintiff's complaint, therefore, failed to state a cause of action against the defendants, and the evidence would not have supported a judgment thereon.

If the bondsman were seeking restitution through an action in the nature of general assumpsit, and a proper showing were made that the administrators consented to the compromise settlement, a different situation would be presented. Restatement, Security, section 104; Woerner, Am. Law of Adm., 3 ed., p. 1941, note 6. The method which it sought to follow, however, is inadmissible. The motion for nonsuit was properly allowed.

The judgment is affirmed, with costs.