Argued October 6, affirmed November 8, 1967

GRIFFITH, *Appellant, v.* WESTERN SURETY
COMPANY, *Respondent.*

432 P. 2d 1019

*F. P. Stager,* Salem, argued the cause and filed a brief for appellant.

*William B. Wyllie,* Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, DENECKE and LUSK, Justices.

SLOAN, J.

The complaint in this case, filed in the circuit court for Lincoln county, attempted to allege a cause of suit against defendant Surety Company for alleged derelictions of an administratrix for whom defendant had a bond responsibility. The complaint attempted to hold defendant directly liable on its bond without any prior determination by the probate court that the administratrix had violated her duty and that the bondsman had any obligation. Defendant demurred to the complaint on the ground that the court lacked jurisdiction; that this was a matter within the exclusive jurisdiction of the probate court. The trial court sustained the demurrer. Plaintiff appeals.

In Lincoln county, probate jurisdiction is exclusively in the district court. ORS 5.040 and 46.092.

The obligation of the bondsman is fixed by ORS 115.430 (1) which conditioned the responsibility of the bondsman to pay on the unfaithful performance of her duties by the administratrix. There would have been no liability in this suit, of defendant to plaintiff, until the failure, if any, of the administratrix had first been settled in the probate court. The circuit court, obviously, had no jurisdiction to settle or determine the accounts of the administratrix, and no

authority to entertain a suit of this nature. This is ancient law in Oregon. *Adams, Adm'r, Etc. v. Petrain et al,* 11 Or 304, 3 P 163 (1884); *National Surety Corp. v. McArthur,* 174 Or 376, 149 P2d 328 (1944).

■ Plaintiff's attempt to convert this into an examination of title to property is not valid.

Judgment affirmed.